Submitted on record and briefs October 20, affirmed as modified
December 8, 1975, stipulation on death of child November 12,
motion for leave to present additional evidence
denied January 23, 1976

LARKIN, *fka* MARSHALL, *Respondent, v.*
MARSHALL (No. 74-315 E, CA 4230), *Appellant.*
542 P2d 1036

458

Gary L. Hedlund, Klamath Falls, filed the brief for appellant.

Glen H. Olives, Felton, California, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

This case involves the enforcement in Oregon of the child support provision of a California dissolution-of-marriage decree.

The 1971 decree gave plaintiff-mother custody of the teen-aged son of the parties and ordered defendant-father to pay $100 per month child support. The father resides in Oregon. The son was in constant trouble and was in a California juvenile institution most of the time from the date of the decree until February 1972 when a California juvenile court placed him in the physical custody of the father. He left the father's residence in Klamath Falls in December of 1972, was apprehended in California and was again committed to a juvenile institution there.

In June 1974 the boy was again placed with the father. He left the father's home in November of 1974 and at the time of the January 1975 hearing in the case at bar his whereabouts were unknown. No

custody order has been entered subsequent to the June 1974 order placing him with the father.[1]

In this proceeding for registration of the California decree the trial court held as to accrued amounts:

"The California Decree required child support payments forthwith and hence the total amount which have accrued under and up to the payment due on December 10, 1974, is the sum of $4,000.00. I have found that the defendant is entitled to credit for the periods of time when Rodney was actually in his care and supported by him, that is from February 22, 1972, through December 11, 1972 — 9 months — $900.00, and from June 8, 1974, through November 2, 1974 — 5 months — $500.00; and that also he is entitled to credit for $50.00 paid * * *."

The court also ordered that the father thereafter make the $100 per month support payments as they became due.

On appeal the father argues (1) he should have received credit against accrued child support payments for the period when the son was in a juvenile institution, (2) he should not have been required to make further payments to the mother at a time when the whereabouts of the son were unknown.

*Accrued Amounts*

██ The father concedes the general rule is that there can be no retroactive modification of a decree for support. *Cousineau v. Cousineau,* 155 Or 184, 63 P2d 897, 109 ALR 643 (1936). He contends, however, that an exception to this rule is recognized in both California and Oregon when equitable considerations

---

[1] The parties have jointly advised this court that in August 1975 the boy joined his mother in California and in September was killed in an automobile accident.

so dictate. Assuming, *arguendo,* that his position is legally correct, the equities do not support him.

The record shows that during the time the son was in California juvenile institutions the mother was required to pay $25 per month to the state toward his support. The record also discloses that when the son, in the course of committing a criminal act, caused a substantial amount of damage to private property the mother reimbursed the victim. It is a fair assumption that such amenities as were provided to the boy while he was in the juvenile institutions were provided by the mother and that she considered the boy her responsibility. It is clear that the father did not consider himself responsible for the boy's actions or for his needs.

The trial court gave the father credit for the time the boy was with him and we find no equitable basis for any further credit as to accrued amounts.

### Future Payments

■■ The parties agree that as to future payments the court was free to make its decision solely on the equities involved because the duty to give full faith and credit to a foreign judgment does not arise as to payments not yet due. *Picker v. Vollenhover,* 206 Or 45, 290 P2d 789 (1955). At the time of the hearing the boy's whereabouts were unknown and the current custody order of the California court placed the boy in the custody of his father. We can only assume that if and when he was found, absent a subsequent order, he would have been returned to the father. Presumptively the only parent that would have any occasion, pending further order of court or some other change of circumstances, to make any contribution to the boy's support would be the father. Therefore it was not equitable to require the father to pay future support money to the mother.

Affirmed as modified.