593 P.2d 1071

**Cora DUTTON, Plaintiff-Appellant,**

v.

**Paul SLAYTON, Defendant-Appellee.**

**No. 12248.**

Supreme Court of New Mexico.

April 30, 1979.

Martin, Martin & Lutz, James T. Martin, Jr., William L. Lutz, Las Cruces, for plaintiff-appellant.

Kenneth B. Wilson, Roswell, for defendant-appellee.

## OPINION

EASLEY, Justice.

Dutton sued Slayton because Slayton closed a road used by Dutton to reach her property. The trial court granted summary judgment for Slayton. Dutton appeals. We reverse.

We examine the issue of whether a public road existed which gave Dutton access. Dutton's complaint and affidavits alleged that a road which crossed Slayton's property was a "public road" because it had been used by Dutton and the public in general for well over ten years. Dutton denied that she had any claim to the use of Slayton's property other than that she had a right to use the "public road". She denied permissive use.

A map drawn up by the county, on which the county was required to show the location of all county highways, was admitted into evidence by stipulation. This map did not show the road claimed by Dutton.

Slayton says that Dutton's sole claim was that the road was a public road and that § 67–2–1, N.M.S.A.1978 defines public roads to be roads dedicated to public use or roads recognized by county authorities. Dutton made no claim that the road had ever been dedicated. The road did not appear on the county's road map, which § 67–4–1, N.M.S.A.1978 requires to show "the complete system of county highways".

Therefore, according to Slayton, the road cannot be a public road, and summary judgment was properly granted.

Dutton contends that § 67–2–1 does not purport to give a comprehensive definition of "public road". The section states that the two classes of roads mentioned are public roads, but this does not prohibit other sorts of roads from being found to be "public roads". New Mexico has in fact recognized the principle that public roads may be created by prescription. *Lovelace v. Hightower*, 50 N.M. 50, 168 P.2d 864 (1946).

The statutory definition is not controlling. Facts necessary to the creation of a prescriptive easement in favor of the public have been properly alleged. Therefore, questions of fact as to the existence of a public easement are raised. Summary judgment was improper.

The decision of the district court is reversed, and the cause is remanded for trial.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.