OPINION OF THE COURT
Isidore Levine, J.
On January 21, 1980, Lester Potter filed a petition with this court seeking custody of his son, David Potter, born in 1969. The petition was accompanied by an order to show cause which was signed by the court and which granted temporary custody to petitioner.
Respondent was served in the State of Wisconsin on January 30, 1980, and the matter was set down for hearing on March 6, 1980. An inquest was held wherein the petitioner and subject child were examined in court. This inquest was subsequently vacated on that day when a representative of the office of the attorney for respondent submitted to the court an affirmation of actual engagement, and the matter was thereupon adjourned until March 20, 1980.
On that date attorneys for both parties appeared, and respondent’s attorney moved to dismiss the petition for lack of subject matter jurisdiction. The court requested memoranda of law from the parties which have been received and considered in reaching this decision. Respondent’s contention that this court lacks jurisdiction to entertain petitioner’s request for custody is based on the Uniform Child Custody Jurisdiction *932 Act (UCCJA), enacted in New York as article 5-A of the Domestic Relations Law.
The UCCJA is a recent statutory attempt to ameliorate the widespread phenomenon of parents removing children from one State to another in custody disputes arising when the marital relationship has disintegrated. The premise underlying such legislation is that shifting of children from State to State and parental kidnapping are not in the best interests of children. Hence, the purpose of the UCCJA is to control the judicial climate of statutory variation and forum availability which has in the past fostered such parental actions. This purpose as stated in section 75-b (subd 1, par [a]) of the Domestic Relations Law is to: "avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being.” It is with the legislative intent as a guidepost that the court undertakes decision on custody cases implicating the UCCJA.
Under the UCCJA (Domestic Relations Law, § 75-g), the court is obligated to contact the courts of other States where it is believed actions may be pending involving the custody of children who are the subject of custody actions in this court (Vanneck v Vanneck, 49 NY2d 602). It is only through interstate communication and co-operation that the legislative intent may be effectuated. To this end, the court requested information from the Circuit Court (Family Branch) of Milwaukee, Wisconsin, as to any action pending in that court between these parties and informed the sister State court of the pendency of this action.
Wisconsin, a signatory of the UCCJA, was prompt in confirming the filing of a divorce action there by respondent, wherein custody of David is requested. The Family Court Commissioner for Milwaukee County stated in a telephone conversation with a representative of this court on May 23, 1980, that the divorce action has not been noticed for trial; it has not advanced past the initial stage of filing on December 31, 1979. He further stated in a letter to this court, dated June 17, 1980, that in his opinion the divorce action is defective due to untimely service on Mr. Potter.
Petitioner objected pro se to Wisconsin’s jurisdiction, by letter, setting forth improper service and requesting dismissal without seeking any affirmative relief on the merits, thus *933 indicating a special appearance and not a general appearance. The Wisconsin court requires a proper motion by counsel in order to dismiss a case.
FACTS
The facts precipitant to the bringing of the custody petition now before the court are substantially agreed upon by the parties in their memoranda of law. The parties were married in 1968 in Nevada and subsequently had two children, only one of whom is the subject of this proceeding. The parties have been separated for some time now; petitioner resides in New York and respondent in Milwaukee, Wisconsin. Both children had been residing with respondent until September, 1979, when she brought David to New York to live with petitioner.
This transfer of physical custody of David from respondent to petitioner, as conceded by both parties, was prompted by difficulties David was having in school in Milwaukee. David was, upon arrival in New York, enrolled in the local public school. Petitioner alleges that, in addition to educational difficulties, David was also having severe disciplinary and emotional problems prior to the transfer of physical custody to petitioner. Respondent contends that the parties agreed that David was to be returned to her on request.
Also, uncontradicted is the fact that no court had dealt with the matter of David’s custody at any time until after he began living in New York with petitioner in September, 1979. There has been no order of custody regarding David Potter by any other court to date.
JURISDICTION
I. Prior Proceeding in Another State Precludes Exercise of Jurisdiction in New York
Before examining possible positive bases for this court’s jurisdiction of the instant custody petition, the statutory prohibition against jurisdiction when a prior proceeding has been brought in another State, section 75-g of the Domestic Relations Law will be considered.
Respondent contends that her initiation of a divorce proceeding in Wisconsin is a prior proceeding which mandates this court to abstain from exercising jurisdiction, in accordance with the UCCJA. Since respondent’s divorce proceeding *934 does raise the issue of David’s custody, that action if preceding the custody petition in this court would be cause to defer the matter to the Wisconsin court. Which action was begun first in time is both a question of fact and a question of statutory procedural law in the respective States.
As stated above, the custody petition was filed in this court on January 21, 1980. But filing does not commence an action in New York. Rather, service of a summons on respondent equals commencement of the action (CPLR 304). Respondent was served in this action by certified mail (return receipt requested), which is authorized by section 75-f (subd 1, par [b]) of the Domestic Relations Law on January 30, 1980. Therefore, the court finds that this custody action was commenced on January 30, 1980.
Respondent’s divorce action was filed against petitioner in Wisconsin on December 31, 1979. Under Wisconsin Statutes, section 801.02, a civil action is commenced when the summons and complaint are filed with the court, as set forth in respondent’s memorandum. But section 801.02 of the Wisconsin Statutes goes on to condition this commencement designation on the proviso that service is made on defendant within 60 days after the filing. In this case petitioner was served in respondent’s Wisconsin divorce action on March 6, 1980, not within the requisite 60 days of filing. Therefore, respondent’s divorce action cannot be deemed to have preceded petitioner’s case in this court, and New York jurisdiction is not precluded under section 75-g of the Domestic Relations Law.
II. Jurisdiction of Custody Cases under the UCCJA
Even if a court is not precluded from exercising jurisdiction under section 75-g of the Domestic Relations Law, it does not follow that subject matter jurisdiction necessarily exists for custody cases falling under the purview of the UCCJA. Bases for UCCJA jurisdiction are specifically and exclusively delineated in section 75-d of the Domestic Relations Law. The statutory scheme consists of four jurisdictional bases, three of which are not applicable in this case.
Section 75-d (subd 1, par [a]) of the Domestic Relations Law does not provide this court with jurisdiction, because New York is not the "home state” of the subject child. "Home state” is defined in subdivision 5 of section 75-c of the Domestic Relations Law as the State where the child has resided for at least six consecutive months prior to commencement of the *935 custody action. David’s residence in New York commenced in September, 1979, and this action was commenced January 30, 1980, as discussed supra. Hence, New York is not the "home state” of David. Construction of the UCCJA does not lead to the conclusion that only the "home state” may exercise jurisdiction, though the facts of most cases would lead to that result.
No abandonment or exigent circumstances exist in this case which would provide jurisdiction under section 75-d (subd 1, par [c]) of the Domestic Relations Law.
Since under the statutory definitions Wisconsin is David’s "home state” and therefore could assert jurisdiction (but for the fact that action was commenced here first), section 75-d (subd 1, par [d]) of the Domestic Relations Law is not invoked by this case.[1] The fact that another state may have jurisdiction of a UCCJA case does not prohibit this State’s exercise of jurisdiction. This is implicit from section 75-d (subd 1, par [d]) of the Domestic Relations Law, one of the four jurisdictional bases, which provides for jurisdiction when no other State has it (Matter of William L. v Michelle P., 99 Misc 2d 346, 350-351).
We are left with section 75-d (subd 1, par [b]) of the Domestic Relations Law as a potential jurisdictional basis for this case. This section employs the "best interest of the child” standard, but strictly defines it for these purposes by two conditions: "(i) [T]he child and his parents, or the child and at least one contestant, have a signiñeant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child’s present or future care, protection, training, and personal relationships” (emphasis added). The conjunction of this jurisdictional basis is emphasized by subdivision 2 of section 75-d of the Domestic Relations Law, which states that the presence of the child and a contestant in this State does not, standing alone, suffice to confer jurisdiction.
The first requirement of this jurisdictional basis is a significant connection of the child and at least one contestant *936 (parent) with this State. Petitioner has been a resident of New York for the past two years and is employed here. David is presently in New York and has been living with petitioner for nine months at the time of this decision. He is enrolled in school, is a member of a local church, and is undergoing a program of psychological counseling, all in New York. The court finds these facts sufficient to constitute a significant connection of petitioner and David to New York.
In addition to the significant connection, substantial evidence of the child’s present and future care, training, and relationships must be available in this jurisdiction. Respondent asserts that the evidence available in Wisconsin regarding David outweighs the evidence available in New York because David lived the longer portion of his life in that State. But such evidence of the child’s past might not outweigh substantial evidence of the child’s present and future found in this jurisdiction (see Auchincloss v Kress, NYLJ, Oct. 5, 1979, p 5, col 2). In fact,'the statute does not call for a balancing with jurisdiction going to the State with the greater volume of evidence.
The evidence available in New York is significant, because it is the most recent evidence on David’s life and it concerns the handling of his problems, educational and emotional. Evidence of petitioner’s parental fitness and his relationship with David are present in this jurisdiction. The child’s presence provides this jurisdiction with evidence of his personal relationships, as testimony may be had of his preference. His school records are here, as well as his teacher who could evaluate his progress with the educational difficulties which prompted his move to New York. Also available here is evidence of David’s condition as ascertained by the counselor currently treating him. This evidence is all relevant to David’s present and future welfare. The court finds the evidence available in this jurisdiction to be substantial.
Since both conditions of section 75-d (subd 1, par [b]) of the Domestic Relations Law are satisfied, the court has jurisdiction to proceed with this case.[2] This finding of jurisdiction is founded on David’s best interest as perceived by the court, *937 with consideration given to the Law Guardian’s report and to the purposes of the UCCJA (Domestic Relations Law, § 75-b).
Even though the court has jurisdiction under the UCCJA to proceed with a custody case, there are two instances when jurisdiction may be declined in the court’s discretion. The first is if the clean hands doctrine, as codified in section 75-i of the Domestic Relations Law, comes into play, as where a petitioner has wrongfully taken the child from another State. Petitioner in this case is not guilty of any such misconduct.
The second reason for which the court may decline jurisdiction is forum non conveniens, codified in the UCCJA (Domestic Relations Law, § 75-h). The Court of Appeals held in Vanneck v Vanneck (49 NY2d 602, supra) that the UCCJA commands the court to compare the convenience of the forum to that of another State, and subdivision 2 of section 75-h of the Domestic Relations Law provides for such consideration sua sponte. A partial list of criteria which may be utilized in this analysis is provided in section 75-h (subd 3, pars [a]-[e]) of the Domestic Relations Law. This court has considered these and all other factors within its cognizance, including the fact of respondent’s representation here, and concludes that New York is not an inconvenient forum for a custody determination on David Potter.
Accordingly, and for the reasons set forth above, the respondent’s motion to dismiss is denied.
This case is set down for hearing on July 21, 1980, in Part II.
Notify attorneys for both parties, the Circuit Court (Family Branch), Milwaukee, Wisconsin, and the Law Guardian.

. It could be posited that Wisconsin does not have "home state” jurisdiction because it is disputed whether David was to be returned to respondent and, therefore, he may not be absent from Wisconsin due to "retention” under section 75-d (subd 1, par [a], cl [ii]) of the Domestic Relations Law. If this is so, then New York would have jurisdiction under section 75-d (subd 1, par [d]) of the Domestic Relations Law, no other State having jurisdiction.

. This section of the UCCJA was intended to curtail jurisdiction in States where a child’s residence is recent, but flexibility was provided so that such a State, if host to the best contacts and evidence, may assert jurisdiction. (9A ULA 103, Commissioners’ Note.)