Argued and submitted May 6, affirmed July 28, 1981

In the Matter of the Marriage of

COPE,
*Petitioner,*

*and*

COPE,
*Respondent.*

(NO. 34149, CA 14619, SC 27563)

631 P2d 781

Kent W. Day, Coos Bay, argued the cause for petitioner. With him on the briefs were Cameron C. Thom and McInturff, Thom & Collver, Coos Bay.

Blair J. Henningsgaard, Coos Bay, argued the cause for respondent. With him on the brief was Bedingfield, Joelson and Gould, Coos Bay.

Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem, filed a brief Amicus Curiae on behalf of the Department of Human Resources.

Before Denecke, Chief Justice, and Lent, Linde, Peterson,** Tanzer and Campbell, Justices.

CAMPBELL, J.

** Peterson, J., did not participate in the decision of this case.

## CAMPBELL, J.

This case involves the sole question of whether or not social security payments for the benefit of a child resulting from the father's eligibility and paid directly to the mother should be credited to the father's support obligation.[1]

When the parties' marriage was dissolved, the decree awarded custody of their three-year-old son to the mother. The father was required to make child support payments in the amount of $150 per month through the clerk of Coos County. The decree was subsequently modified to reduce the father's payments to $1,500 per year and to provide "that all future support payments be sent to the Department of Human Resources."

It would appear that sometime after the entry of the dissolution decree the father became eligible to receive social security benefits, and the mother, for the benefit of the child, began receiving monthly checks directly from the Social Security Administration. These checks were not paid through the clerk of Coos County or the Department of Human Resources and were not credited to child support judgment. At first, when these checks were less than $150, the father apparently paid the difference through the proper channels. At a later time, after social security benefits increased, the checks were in excess of $150 per month.

In December 1978, the father filed a motion in the Circuit Court for Coos County for modification of the decree. Among other things, he asked for an order determining the amount of support payments "currently due and payable." The father's affidavit attached to the motion alleged that he should receive credit for the social security payments and, therefore, no support payments were due.

After a hearing, the trial court entered an order:

"* * * [I]t is hereby determined that the amount of support due and payable by the [father] to the [mother], as

---

[1] The father's petition in this court also requested that we review the failure of the trial court and the Court of Appeals to change the custody of the minor son. We limited review to "the question of whether the trial court erred in crediting the social security benefit payments to the father's support obligation."

of January 8, 1979, is declared to be NONE. The Department of Human Resources is directed to enter satisfaction of all support obligations as of that date."

The father appealed other parts of the trial court's orders to the Court of Appeals. The mother cross-appealed only from the above quoted order as to the satisfaction of the support payments for the year of 1978.

The Court of Appeals held that the father's *sua sponte* deduction of the child's social security benefits from the decreed support obligation constituted an attempted retroactive modification of the accrued installments and that such action was barred by ORS 107.135(2). We granted the father's petition for review as to this question and invited the Department of Human Resources to file an *amicus curiae* brief. We reach the same result as the Court of Appeals and, therefore, affirm its decision.

It is the mother's position that when the trial court credited the father's support obligation with the social security payments it, in effect, made a retroactive modification of the accrued installment judgment for child support in violation of ORS 107.135(2):

"(2) The decree is a final judgment as to any installment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the *court does not have the power to set aside, alter or modify such decree,* or any portion thereof, *which provides for any payment of money,* either for minor children or the support of a party, *which has accrued prior to the filing of such motion."* (Emphasis added).

The mother also contends that the trial court's order was in violation of ORS 23.765(6):

"(6) Whether or not any payments by an obligor are delinquent, payment of any money by an obligor direct to an obligee or on behalf of an obligee to a person other then (sic) the Department of Human Resources or the clerk of the court out of which the order is issued, whichever is appropriate, shall not be credited against his support obligation."

The father's position is that he did not seek, and the trial court did not modify, the amount of the child support payments. The father claims that he only sought an order requiring a satisfaction of the child support

416

payments in question because they had been paid by the Social Security Administration on his behalf. He states that a majority of the courts from other jurisdictions have credited the social security payments on the parent's support obligation.[2] He quotes *Binns v. Maddox,* 57 Ala App 230, 232, 327 So 2d 726 (1976) as follows:

"* * * [T]he ultimate issue here is not whether such past due installments are considered as final judgments beyond the power of a trial court to modify, but rather whether such judgments are to be considered paid and satisfied under the evidence of this particular case."

The father did not answer the mother's argument that the trial court's order violated ORS 23.765(6) in either his brief in the Court of Appeals or in his petition for review in this court. On oral argument in this court the father seemed to be saying that ORS 23.765(6) did not apply because the Social Security Administration was not an "obligor" under the statute. He further contended that ORS 23.765(6) was not applicable because of "equitable considerations," citing *Larkin v. Marshall,* 23 Or App 457, 542 P2d 1036 (1975). In other words, it is not fair to make the father pay the mother the child support twice.

The *amicus curiae* brief of the Department of Human Resources points out that under ORS 23.760 to 23.809, subject to two exceptions, it collects and transmits all child support payments. The two exceptions are not relevant to this case.[3] The Department of Human Resources, in cooperation with the Support Enforcement Division of the

[2] The father cites the following cases: *Horton v. Horton,* 219 Ga 177, 132 SE 2d 200 (1963); *Schulze v. Jensen,* 191 Neb 253, 214 NE 2d 591 (1974); *Cohen v. Murphy,* 330 NW 2d 473 (Mass Sup Ct 1975); *Binns v. Maddox,* 57 Ala App 230, 327 So 2d 726 (Civ App 1976); *Andler v. Andler,* 217 Kan 539, 538 P2d 649 (Sup Ct 1975); *Potter v. Potter,* 169 NJ Super 140, 404 A2d 352 (1979); *Cash v. Cash,* 234 Ark 603, 353 SW 2d 348 (Sup Ct 1962).

Cases contra are: *Fowler v. Fowler,* 156 Conn 569, 244 A2d 375 (Sup Ct 1968); *Chase v. Chase,* 74 Wash 2d 253, 444 P2d 145 (Sup Ct 1968); *Joachim v. Joachim,* 57 AD 2d 546, 393 NYS 2d 63 (App Div 1977), app. dism. 42 NY 2d 1011, 398 NYS 2d 535, 368 NE 2d 285 (App Ct 1977), cert den 434 US 1066, 98 S Ct 1242, 55 LEd 2d 767 (1978).

See also Annotation, 77 ALR 2d 1315, "Child Support—Credit for Government Aid."

[3] ORS 23.767 provides that a county can make an election to have the child support payments made to the clerk of the court if the obligee is not receiving public assistance or is not a "former recipient with unreimbursed past assistance."

Department of Justice, enforces child support orders. The *amicus* brief claims that the legislature has provided for exclusive methods of the payment of child support and that the courts are prohibited from giving the obligor credit for payments made directly to the obligee by virtue of ORS 23.765(6).

The Department of Human Resources contends that in order to efficiently account for the vast number of monthly child support payments and to effectively pursue delinquent obligors, it is essential that it is able to rely on court orders and its own payment records. It concludes that "the enormous support collection task delegated" to it by the legislature "would be dramatically compounded" if the courts created a separate "equitable right to credit direct child support payments."

Even if we assume, for the sake of argument, that the father is correct in his contention that the trial court did not make a retroactive modification of the accrued installment judgment, he must demonstrate to us that he should receive credit against the support obligation for the payments that were made directly to the mother. In other words, even if the trial court's order did not violate ORS 197.135(2), the father must also show that the order did not violate ORS 23.765(6).

We are of the opinion that the trial court's order directing the Department of Human Resources to enter a satisfaction of all support obligation as of January 8, 1979, was in error. The order was in violation of direct mandate of ORS 23.765(6).

The father, by arguing that the Social Security Administration is not an "obligor" under the statute, is merely boxing himself into a corner. If the Social Security Administration is not an "obligor" or is not making the payment on behalf of the father as an "obligor," then the father is a mere volunteer and not entitled to credit under any theory.

---

ORS 23.807 provides that if public assistance is not involved both parents can agree in writing to have the child support payments paid into a private checking or savings account.

The father's reliance on *Larkin v. Marshall, supra,* is misplaced. That case is not authority for an exception to the statute based upon "equitable considerations."[4]

We cannot ignore the plain and unambiguous language of ORS 23.765(6) adopted by the Legislative Assembly. *Monaco v. U.S. Fidelity & Guar.,* 275 Or 183, 550 P2d 422 (1976; *Lane County v. Heintz Construction Co. et al,* 228 Or 152, 364 P2d 627 (1961).

Affirmed.

---

[4] The case of *Larkin v. Marshall,* 23 Or App 457, 459, 542 P2d 1036 (1975) holds:

"The father concedes the general rule is that there can be no retroactive modification of a decree for support. *Cousineau v. Cousineau,* 155 Or 184, 63 P2d 897, 109 ALR 643 (1936). He contends, however, that an exception to this rule is recognized in both California and Oregon when equitable considerations so dictate. Assuming, *arguendo,* that his position is legally correct, the equities do not support him."