661 P.2d 1313

**Robert H. GRADY and Patsy D. Grady, Plaintiffs-Appellees,**

**and**

**Narciso Abreau, et al., Involuntary Plaintiffs-Appellees,**

v.

**E.H. MULLINS and Nadine Mullins, Defendants-Appellants,**

v.

**Alpine BEARD, et al., Involuntary Defendants-Appellees.**

No. 14408.

Supreme Court of New Mexico.

Feb. 8, 1983.

Rehearing Denied March 23, 1983.

Thomas G. Fitch, Socorro, Raymond G. Sanchez, Albuquerque, for defendants-appellants.

C.N. Morris, John W. Reynolds, Silver City, for plaintiffs-appellees.

Reserve Sportsmen Ass'n, pro se.

Mr. and Mrs. Charlie McCarty, pro se.

Mrs. Alpine Beard, pro se.

OPINION

PAYNE, Chief Justice.

This case involves Rule 19 of the New Mexico Rules of Civil Procedure, and the question of whether the United States is an indispensable party in a suit between parties disputing the closing of a roadway where it passes over private land. We affirm the district court's holding that the United States is not an indispensable party to the suit.

A road, used continuously by the public for more than 25 years, runs from a county road and traverses intermittently across federal and private land. The following sketch illustrates the situation:

In the Spring of 1981, defendants (Mullins) closed the road on their property, preventing plaintiffs (Gradys) from crossing. The portion of the road crossing the Forest Service's land is, and always has been, open to public use.

Gradys asked the court to declare the existence of the road across Mullins' land as public by prescriptive use. Mullins thereafter joined numerous parties, including the United States. The district court, however, dismissed the United States for want of jurisdiction. Thereupon, Mullins moved to dismiss Gradys' suit for failure to join an indispensable party. This motion was denied.

The district court ruled that the joinder of the United States was not necessary or proper because the determination of whether the roadway across Mullins' land is public by prescriptive use is a determination as to that part of the road only, and not the entire road. That ruling is not inconsistent with the intentions of Rule 19.

In *Broussard v. Columbia Gulf Transmission Company,* 398 F.2d 885, 888 (5th Cir. 1968), it was noted that

The new Rule 19 is designed to ameliorate the catechistic distinction between "necessary" and "indispensable" parties, which had sometimes subordinated logic and reality to historical encrustations. Under the present rule pragmaticals are to be the solvents of the joinder problems, replacing former rigid terminological descriptions of parties. * * * [T]he effect of the parties and on the litigation process is to be the fulcrum of decision.

Similarly, we stated in *Holguin v. Elephant Butte Irrigation Dist.,* 91 N.M. 398, 575 P.2d 88 (1977), that "[t]he obvious purpose behind [Rule 19] is to insure that courts reach decisions regarding indispensability only after a careful and thoughtful analysis as to whether it is feasible to proceed." *Id.* at 401, 575 P.2d at 91. *See also Advisory Committee's Notes to Amendments to Rules of Civil Procedure,* 39 F.R.D. 69, 88–94 (1966).

Analysis under Rule 19 reaches four controlling conclusions in this case: (1) the interests of the United States are *separable* from those of the parties before the court; (2) a judgment rendered in the United States' absence will not be prejudicial to it or to those already parties; (3) a judgment

rendered in the United States' absence will be adequate; and (4) Gradys will not have an adequate remedy if the suit is dismissed for nonjoinder. *See* N.M.R.Civ.P. 19(b), N.M.S.A.1978 (Repl.Pamp.1982).

Where the interests of the United States are *separable* from those of the other parties, it is *not* an indispensable party. *Walton v. United States,* 415 F.2d 121 (10th Cir.1969). Because there is no dispute as to that portion of the road crossing United States Forest Service land, the interests of the United States are separable from the parties before the court.

We do not favor leaving any party without a remedy because of an "ideal desire to have all interested persons before the court." 3 J. Moore, *Moore's Federal Practice* § 19.07, at 2154–55 (2d ed. 1964). The fundamental issue here is the characterization of the road over Mullins' land. Assuming, *arguendo,* that the interests of the United States are not separate, failure to join them as a party may possibly lead to future litigation by the United States in seeking a declaration of the rest of the road in question. Nevertheless, as undesirable as it may be to have the possibility of another suit involving the same issue, it is less desirable to leave Gradys without any remedy at all. *See Bourdieu v. Pacific Oil Co.,* 299 U.S. 65, 57 S.Ct. 51, 81 L.Ed. 42 (1936). If we were to carry Mullins' argument to its logical extension, an effort to close an interstate highway would require that every state through which the highway traversed be joined as a party. This makes little sense.

We therefore hold that the district court did not err in determining that the United States is not an indispensable party such as to require joinder under Rule 19. We further hold that the district court correctly exercised its discretion in refusing to dismiss Gradys' suit.

Affirmed.

IT IS SO ORDERED.

FEDERICI and RIORDAN, JJ., concur.