734 P.2d 807

**Thomas MEIER, Petitioner-Appellee,**

v.

**Cheryl DAVIGNON,
Respondent-Appellant.**

**No. 9703.**

Court of Appeals of New Mexico.

Feb. 24, 1987.

Lowell E. McKim, McKim, Head and Ionta, P.C., Gallup, for petitioner-appellee.

Joseph L. Rich, Schuelke & Rich, Gallup, for respondent-appellant.

## OPINION

MINZNER, Judge.

This appeal involves a child custody dispute under the New Mexico Child Custody Jurisdiction Act (CCJA). *See* NMSA 1978, §§ 40–10–1 to –24 (Repl.1986). The mother, a resident of Oklahoma, appeals from the trial court's ruling transferring physical custody of the parties' only child to the father, a resident of New Mexico. Two issues are presented: (1) whether the New Mexico court had jurisdiction under the CCJA; and (2) if the court had jurisdiction, whether it should have declined jurisdiction on the ground that New Mexico was an inconvenient forum for a custody determination. Our calendaring notice proposed summary affirmance. The parties have responded with memoranda in support and in opposition to our proposed disposition. We affirm.

### FACTS.

The child was born in 1980 while the parties were living together. In May 1982 in Gallup, New Mexico, the parties married.

Seven months later the father filed for divorce and was granted temporary custody of the child during the pendency of the divorce proceeding. A final divorce decree was entered by the New Mexico court on January 21, 1983. The decree incorporated a stipulation between the parties; it provided for joint legal custody of the child and joint physical custody alternating between the parties on a weekly basis. Custody was subsequently modified on three occasions by the New Mexico court, but notably, each modification order retained the feature of joint physical custody on an alternating basis.

The mother moved to Oklahoma in June 1984. Father petitioned for a review of custody, alleging that the mother moved in order to frustrate his relationship with the child. Following a hearing, at which the mother appeared, the New Mexico court modified custody so that each parent was granted custody of the child for alternating five-month periods of time until the child entered school in September 1986. The order further provided that after the child entered school, the mother would have custody of the child through the school year and the father would have custody during the summer months. In addition, the father was granted visitation for one week at Christmas and for spring school vacations. A subsequent modification provided that the noncustodial parent would pay the other parent child support during their respective periods of physical custody.

The child spent the summer of 1986 with the father and then returned to Oklahoma to enter school. Shortly thereafter, in October 1986, the father filed a petition in New Mexico seeking a transfer of custody. The motion alleged, inter alia, that (1) the mother was deliberately intending to "ultimately deprive him of his son;" (2) the mother, without notifying the father or his attorney, obtained an order from an Oklahoma court changing the child's surname to "Davignon," which is the mother's maiden name; and (3) the best interests of the child required that physical custody be granted to the father. Attached to the motion was an order issued by an Oklahoma court changing the child's surname

to "Davignon," and a letter written by the mother in which she claimed to be a "single, unwed mother" and the "sole supporting parent" of the child.

At the subsequent hearing, the mother entered a special appearance through her attorney solely to contest the court's jurisdiction under the New Mexico CCJA. The court rejected the jurisdictional challenge and recessed the hearing on the merits until a later date so that the mother could be present. She chose not to appear or to present evidence. Following the hearing, the court entered an order stating the basis of its jurisdiction and finding that it was in the best interest of the child that custody be transferred to the father.

**JURISDICTION.**

If a court of one state has made a custody decree, under the UCCJA other states are required to defer to the jurisdiction of the original court as long as that court continues to have jurisdiction under one or more of the jurisdictional prerequisites set forth in the Act. *See* § 40–10–15(A); *State ex rel. Department of Human Services v. Avinger,* 104 N.M. 255, 720 P.2d 290 (1986). Indeed, the concept of continuing jurisdiction in the original court is "central to the UCCJA scheme of discouraging resort to another state to get a new custody decree superseding an existing one." *See* R. Crouch, *Interstate Custody Litigation: A Guide to Use and Court Interpretation of the Uniform Child Custody Jurisdiction Act* (BNA 1981) at 13. In this case, New Mexico is the court of original jurisdiction.

 The trial court found it had jurisdiction on the basis of Section 40–10–4(A)(2), which employs the "best interest of the child" standard. Jurisdiction exists under that standard when it is in the best interest of the child that a New Mexico court assume jurisdiction, provided:

(a) the child and his parents, or the child and at least one contestant, have a significant connection with New Mexico; and

(b) there is available in New Mexico substantial evidence concerning the child's present or future care, protection, training and personal relationships * * *.

In determining the child's best interest, the court made the following unchallenged findings of fact:

24. There has been a change of circumstances which * * * shall be deemed to include but not be limited to [the mother's] attempted and purported name change of the child, the misstatements in connection therewith, the age of the child and [the mother's] actions in effectively thwarting attempts of the [father] to talk to his son on the telephone.

25. The actions of the [mother] * * * in pursuing the change of name of her son without notification to the [father] herein, together with the misstatements made in connection therewith indicates an intent on the part of [the mother] to deprive the child of the association, love, influence and control of his father and to deprive the father * * * of the child's association, love, rearing, education and name right; such actions are not in the best interests of the child.

In a recent case, *Alfieri v. Alfieri,* 105 N.M. 373, 733 P.2d 4 (Ct.App.1987), this court affirmed the authority of trial courts to modify custody based on a custodial parent's actions in undermining the noncustodial parent's relationship with the child. By analogous reasoning, we conclude that trial courts may rely on such actions in ruling that an exercise of jurisdiction under Section 40–10–4(A)(2) is in the best interest of the child.

The mother claims the court erred in finding that (1) the child had "significant contacts" with New Mexico; and (2) there is available in New Mexico substantial evidence concerning the child's present and future care, training, and relationships. We disagree. The child has resided in New Mexico for at least one-third of his life and has been in his father's physical custody for lengthy periods since moving from the state in 1984. In light of these facts, we must disagree with the mother's characterization of the case as one in which "the facts are old, memories faded and evidence almost nonexistent." *Cf. Trask v. Trask,* 104 N.M. 780, 727 P.2d 88 (Ct.App.1986).

The mother also cites various facts in support of her contention that the child has more "significant contacts" with the state of Oklahoma than with New Mexico. Because respondent chose not to present evidence at trial, she has relied on the statements of her counsel, which cannot be considered on appeal. *See Phillips v. Allstate Insurance Co.,* 93 N.M. 648, 603 P.2d 1105 (Ct.App.1979). Respondent has also filed with this court a partial transcript of child custody proceedings commenced by respondent in an Oklahoma district court. The partial transcript covers a motion hearing that occurred *after* the New Mexico court had entered its modification order. Respondent would have this court rely on evidence presented in the subsequent Oklahoma proceeding to reverse the New Mexico district court. This we cannot do. Our review is limited to matters that are of record in the cause before us. *See, e.g., Strickland v. Roosevelt County Rural Electric Cooperative,* 99 N.M. 335, 657 P.2d 1184 (Ct.App.1982), *cert. denied,* 463 U.S. 1209, 103 S.Ct. 3540, 77 L.Ed.2d 1390 (1983). A determination of jurisdiction under Section 40–10–4 involves a mixed question of law and fact, and an evidentiary record is necessary for a review of the factual claims in this appeal.

■ Even if respondent's belated factual claims could be considered, we agree with other courts that the UCCJA does not call for a balancing of contacts or evidence with jurisdiction going to the state with the greater volume of evidence or contacts. *See, e.g., Potter v. Potter,* 104 Misc.2d 930, 430 N.Y.S.2d 201 (Fam.Ct.1980). Rather, under the facts of this case it was enough that there remained sufficient significant contacts with New Mexico to preserve the continuing jurisdiction of the original forum. *See In re Marriage of Cope,* 49 Or.App. 301, 619 P.2d 883 (1980), *aff'd on other grounds,* 291 Or. 412, 631 P.2d 781 (1981).

■ The mother's final contention under this point is directed at the court's finding that the father is a permanent resident of New Mexico. She contests the finding by claiming that he lived in Window Rock,

Arizona for several months in 1986. Assuming this fact was established at trial, we disagree that it is sufficient to defeat the trial court's finding of permanent residency. "Domicile" within the state does not require continuous physical presence, but rather, physical presence in the state at some time in the past and concurrent intention to make the state one's home. *Hagan v. Hardwick,* 95 N.M. 517, 624 P.2d 26 (1981). The trial court found that the father intends to remain a permanent resident of New Mexico, and the mother does not contest this finding. Under these circumstances, the trial court's finding as to permanent residency is supported by substantial evidence. *See id.*

## FORUM NON CONVENIENS.

The mother also claims the trial court should have declined jurisdiction under a proper application of the doctrine of forum non conveniens. *See* § 40–10–8. This section provides that a court *may* decline to exercise jurisdiction if it finds that a court of another state is a more appropriate forum. The court's determination is discretionary, *see* Crouch, *Interstate Custody Litigation,* supra, at 19, and will not be reversed unless the decision is contrary to the reason, logic, evidence, and equities in the case. *Hester v. Hester,* 100 N.M. 773, 676 P.2d 1338 (Ct.App.1984).

■ Here, the trial judge who refused to decline jurisdiction was the same trial judge who had heard and granted the original divorce and who had heard and ruled on the various ensuing disputes concerning custody and visitation. As a result, the trial judge was and had been familiar with the entire matter since the parties' divorce four years earlier. In making its determination, the court considered that no custody proceeding had been commenced in Oklahoma at the time father's petition was filed in New Mexico. The trial court also properly considered that the mother had previously invoked the jurisdiction of the New Mexico court even after moving to Oklahoma. On these facts we are persuaded that the court properly exercised its discretion under Section 40–10–8. *See*

*Breneman v. Breneman,* 92 Mich.App. 336, 284 N.W.2d 804 (1979); *see generally* Annot., 96 A.L.R.3d 968 (1979).

## CONCLUSION.

We conclude that the trial court had jurisdiction and properly exercised that jurisdiction. There being no other claim that the order modifying custody is not proper, it should be affirmed.

IT IS SO ORDERED.

BIVENS and APODACA, JJ., concur.