2008-NMCA-100

189 P.3d 702

**PERCHA CREEK MINING, LLC, a New Mexico Limited Liability Company, Plaintiff–Appellant,**

v.

**N. Peter FUST, Catherine Wanek, and Thomas Eastburn, as Trustee of the Dorothy S. Eastburn Revocable Intervivos Trust, Defendants–Appellees.**

**No. 27,655.**

Court of Appeals of New Mexico.

June 18, 2008.

Jaime F. Rubin, LLC, Jaime F. Rubin, Truth or Consequences, NM, for Appellant.

Modrall Sperling Roehl Harris & Sisk, P.A., Stan N. Harris, Paul T. Halajian, Albuquerque, NM, for Appellees.

## OPINION

KENNEDY, Judge.

{1} Plaintiff filed this declaratory judgment action seeking to have County Road B082 declared a public road. Plaintiff appeals an order dismissing its case with prejudice for failure to join an indispensable party. The court held that Sierra County (the County) was an indispensable party because, among other reasons, the declaration sought by Plaintiff would impose obligations upon the County to maintain the road. Plaintiff also contends in a second claim that an easement by prescription existed and the corresponding claims should not have been dismissed. We conclude that the County was an indispensable party, and we affirm.

## DISCUSSION

### 1. Standard of Review

■ {2} We review the trial court's dismissal under Rule 1–019 NMRA for an abuse of discretion. *See Golden Oil Co. v. Chace Oil Co.,* 2000–NMCA–005, ¶ 8, 128 N.M. 526, 994 P.2d 772.

### 2. Analysis

{3} Under Rule 1–019, a party should be joined if in his absence complete relief cannot be accorded among those already parties; or he claims an interest in the subject of the action and is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest, or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. *Id.* ¶ 9. Below, Plaintiff recognized that if the road were declared public, it "may" impose duties on the County with respect to the road. Plaintiff also recognized that if it "were to prevail in this action against the remaining parties, this could lead to the requirement under NMSA [1978, § 67–2–2 (1905)] that the County must maintain the road." On appeal, Plaintiff disavows these statements, claiming that this action only focuses on the rights between private landowners and on whether Defendants can "interfere with the public and open nature of the road." Plaintiff asserts that if the road were declared public, in the County's absence, "the relief requested would not be binding on the County and the requested relief would not impose any obligation on the County." Plaintiff also suggests that the County would still be free to pursue its own suit to determine the extent of its obligations.

{4} We are not persuaded by Plaintiff's arguments. Although the details of the conflict between Plaintiff and Defendants are not developed, the little information available to us suggests that Plaintiff wants to have utilities installed and that having the road declared public advances that goal. Plaintiff determined that the best strategy was to have the road declared public rather than to pursue some other theory against Defen-

dants. While it is true that Plaintiff and Defendants, neighboring landowners, are at the heart of the dispute, we cannot avoid the reality that a declaration of the road as public directly and substantially impacts the County by imposing a statutory duty to maintain the road. *See* § 67–2–2; *Sanchez v. Bd. of County Comm'rs,* 81 N.M. 644, 645, 471 P.2d 678, 679 (Ct.App.1970) (stating that the duty to maintain public highways belongs to the respective counties).

{5} Plaintiff downplayed this duty in the trial court, stating that declaring the road public "may" impose duties or that it "could lead to the requirement" that the County must maintain the road. During argument, however, Plaintiff admitted that a declaration that the road was public would impose duties on the County, stating that this was why Plaintiff named the County. At another point, the court asked if Plaintiff wanted the County to maintain the road, and Plaintiff answered "yes."

■ {6} To the extent that Plaintiff sought to downplay the County's obligation, we are unpersuaded. The duty to maintain and repair a public road is not speculative, nor is it a possibility. It is statutorily required. Consequently, we conclude that the court could reasonably determine that the County was indispensable because if Defendants were to lose on the merits, the County's interests might be adversely affected. *Cf. Golden Oil Co.,* 2000–NMCA–005, ¶¶ 11–12 (holding that a potential loss of revenue required joining the Jicarilla Apache Tribe).

{7} Our holding is consistent with cases from other jurisdictions that have considered this issue. *See Burnett v. Munoz,* 853 So.2d 963, 966 (Ala.Civ.App.2002) (holding that in an action to declare whether a road is public, the county or municipality is an indispensable party because such a declaration imposes a duty to maintain the road); *accord Boles v. Autery,* 554 So.2d 959, 961 (Ala.1989); *Thieman v. Bohman,* 2002 SD 52, ¶ 16, 645 N.W.2d 260; *Smith v. Albrecht,* 361 N.W.2d 626, 628 (S.D.1985). Plaintiff contends that these cases are distinguishable because Alabama and South Dakota have different immunity statutes. We are not persuaded by

Plaintiff's argument. The rationale underlying these cases is that the county or municipality would have to shoulder the burden of maintenance if the road were declared public. That rationale is directly applicable here.

{8} Plaintiff argues that under *Grady v. Mullins,* 99 N.M. 614, 661 P.2d 1313 (1983), the county was not indispensable. In *Grady,* our Supreme Court held that the United States was not an indispensable party. *See id.* at 615–16, 661 P.2d at 1314–15. Plaintiff likens the County to the United States. We find *Grady* distinguishable. *Grady* does not identify any interest of the United States that would be impacted if it was not joined. It noted that a judgment rendered in the United States' absence would not be prejudicial to it and found the interest of the United States to be separable. *See id.* That makes *Grady* distinguishable from this case, in which tangible prejudice to the County has been identified that will accrue to the County if the road is determined to be public. In addition, the interest of the United States was in a different part of the road than that being disputed between the parties in *Grady.* Here, the County's interest was in that part of the road under litigation.

{9} Plaintiff also relies on *Luevano v. Maestas,* 117 N.M. 580, 874 P.2d 788 (Ct. App.1994), for the proposition that a landowner may sue a neighboring landowner for the purpose of determining the existence of a public road and respective rights of the parties. We have no quarrel with that general proposition. *Luevano,* however, is not a case about indispensable parties and consequently does not address the precise issue here. *See Fernandez v. Farmers Ins. Co. of Ariz.,* 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) (stating that cases are not authority for propositions not considered). For the same reason, we reject Plaintiff's reliance on *Lovelace v. Hightower,* 50 N.M. 50, 168 P.2d 864 (1946); *Dutton v. Slayton,* 92 N.M. 668, 593 P.2d 1071 (1979); and *Trigg v. Allemand,* 95 N.M. 128, 619 P.2d 573 (Ct.App.1980).

■ {10} We are also unpersuaded by Plaintiff's argument that because the County may later claim that it is not bound by this litigation and may pursue its own separate litigation, the County is not indispensable.

The lack of efficiency that would result from piecemeal litigation is one of the reasons for Rule 1–019. *See Evergreen Park Nursing & Convalescent Home, Inc. v. Am. Equitable Assurance Co.,* 417 F.2d 1113, 1115–16 (7th Cir.1969) (stating that the federal analogue to Rule 1–019 reflects the interest of the courts in complete, consistent, and efficient settlement of controversies). Moreover, assuming arguendo that Plaintiff's view is correct, Plaintiff has failed to explain how, even if it prevailed in this case in the County's absence, it would be helped if the County were able in some future litigation to obtain a ruling that the road was not a public road. If that were to happen, whatever advantage Plaintiff gained in the initial skirmish with Defendants would be subject to a later change. This kind of fragmented litigation would result in unpredictability and inefficiency and would appear to leave the persons already parties subject to a substantial risk of incurring multiple or otherwise inconsistent obligations.

■ {11} The next issue that we must address is whether the court could have reasonably concluded that the County's joinder is not feasible. *See Golden Oil Co.,* 2000–NMCA–005, ¶ 14. Jurisdictional barriers such as immunity make joinder not possible. *See id.* In this litigation, the County was initially a party and took the position that it was immune. In response to that argument, Plaintiff evaluated the strength of the County's position, determined that the County was correct, and entered into a settlement. In the settlement agreement, Plaintiff expressly stated "that it is in the public interest for the County to be dismissed from this matter with prejudice on the basis of the County's qualified immunity as established by the Legislature in NMSA 1978, § 42–11–1 (1979)[.]" Plaintiff stipulated that the County was immune and is bound by its stipulation. *See Haaland v. Baltzley,* 110 N.M. 585, 588, 798 P.2d 186, 189 (1990) (stating that facts stipulated to are not reviewable on appeal and that a stipulation is binding on the parties). On appeal, Plaintiff does not contend otherwise.

{12} As part of the settlement, Plaintiff obtained the County's promise that the

County would pass a resolution restating the road miles verified to the Secretary of Transportation as required by NMSA 1978, § 66-6-23.1(D) (2003). This appears to affect funding to the County from the state road fund. *See* NMSA 1978, §§ 67-3-28.2 (1995) and 67-3-28.3 (1988). It appears that Plaintiff felt that the resolution would support its argument that the road was public. However, the strategic value of the resolution is not in issue. The important points are that Plaintiff stipulated that the County was immune and that the County was dismissed. Therefore, it was not feasible to join the County. *See Golden Oil Co.*, 2000-NMCA-005, ¶¶ 14-15.

{13} In light of the fact that the County cannot be joined, we must next decide whether the court could reasonably conclude that it should dismiss the lawsuit instead of proceeding without the County. *See id.* ¶ 16. The factors that the trial court must consider include:

> "first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

*Srader v. Verant*, 1998-NMSC-025, ¶ 20, 125 N.M. 521, 964 P.2d 82 (quoting Rule 1-019(B)).

{14} As we have discussed, a judgment rendered in the County's absence would be prejudicial to the County. If, as Plaintiff has suggested, a second round of litigation might occur, it would be costly and prejudicial to the current parties. Plaintiff has not suggested any viable way that protective provisions in the judgment could lessen prejudice. As we have also discussed, a judgment rendered without the County appears to be incomplete and inadequate. Plaintiff also has not explained why it would not have an adequate remedy if the action is dismissed, and the record hints that Plaintiff does have an alternate forum; Plaintiff may petition the Board of County Commissioners to seek a declaration that the road is public. Finally, to the extent that we must consider whether, in equity and good conscience, it is fair to dismiss, we weigh Plaintiff's interest in having a forum in which to litigate against the County's interest. *See id.* ¶¶ 33-34; *Golden Oil Co.*, 2000-NMCA-005, ¶ 16. In doing so, we cannot avoid the fact that Plaintiff named the County and then later settled with the County. Consequently, the current procedural posture and the absence of the County were arguably created by Plaintiff. Consequently, we cannot say that it is unfair to weigh the County's interest more heavily than Plaintiff's interest in having a forum in which to litigate.

{15} For these reasons, we hold that the court did not abuse its discretion in dismissing the case.

### 3. Prescriptive Easement

{16} Plaintiff's second issue argues that the court ignored Count II alleging a public easement by prescription. This argument is presented very briefly and asserts that the County would not be an indispensable party in a prescriptive easement case.

{17} A public right-of-way by prescription may be established by usage by the general public continued for the length of time necessary to create a right of prescription if the use had been by an individual, provided that such usage is open, uninterrupted, peaceable, notorious, adverse, under claim of right, and continued for a period of ten years with the knowledge, or imputed knowledge of the owner.

*Vill. of Capitan v. Kaywood*, 96 N.M. 524, 525, 632 P.2d 1162, 1163 (1981) (citation omitted). Defendants have argued that the County would be indispensable because declaring an easement by prescription would result in the same outcome as that sought by Plaintiff in Count I: that the road would be declared for public use and consequently the County would have an obligation to maintain the road. In response, Plaintiff has admitted that Count I and Count II "have a similar thread" in that "they both allege the public nature of the road." Plaintiff pleads Count II as "alternative to Count I" and appears to

**574**

rely on the same arguments it made with respect to Count I but has not specifically refuted Defendants' assertion that declaring a prescriptive easement would impose an obligation to maintain the road. Therefore, without a more detailed argument than we have here, we must conclude that a declaration of a prescriptive public easement would impact the County in the same way we have discussed above, thereby making the County an indispensable party.

**CONCLUSION**

{18} Based on the foregoing, we hold that the trial court did not abuse its discretion in dismissing with prejudice "all claims that were brought by Plaintiff against Defendants." We therefore affirm.

{19} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge and LYNN PICKARD, Judge.