This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MICHAEL J. SPENCE,**

Petitioner-Appellee,

v.                                                                                  **NO. 32,899**

**CONSTANCE V. SPENCE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Steven L. Bell, District Judge**

Michael J. Spence
Las Cruces, NM

Pro Se Appellee

Constance V. Spence
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Respondent appeals from an order resolving a number of domestic relations issues. We issued a notice of proposed summary disposition, proposing to uphold the order. Respondent has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by the assertions of error, we affirm.

{2}     Because we set forth the pertinent background and our analysis in the notice of proposed summary disposition, we will not reiterate at length here. Instead, we will focus on the content of the memorandum in opposition.

{3}     First, Respondent renews her challenge to the district court's ruling on the question of custody, by which it continued the previous award of primary physical custody to Petitioner, with visitation at Petitioner's discretion. [MIO 2-5, 12-13] We remain unpersuaded that the district court abused its discretion. *See generally Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d 7 ("We will overturn the trial court's custody decision only for abuse of discretion, and we will uphold the court's findings if supported by substantial evidence."). Respondent bore the burden of demonstrating a change of circumstances affecting the best interests of the child. *See id.* ("A court may modify a custody order only upon a showing of a substantial change in circumstances since the prior order that affects the best interests of the children."). Although Respondent presented evidence that the child was performing poorly at school, this does not appear to have represented a change in circumstances.

*See generally Mintz v. Zoernig*, 2008-NMCA-162, ¶ 22, 145 N.M. 362, 198 P.3d 861(observing that modification of an existing custody order must be based on evidence of a substantial and material change in circumstances *occurring after entry of the prior order*). We further note that in its decision to continue the preexisting arrangement, the district court relied partly on the child's expressed preference. [RP 429] Contrary to Respondent's continuing assertions, [MIO 6-7] this was a valid consideration. *See generally* NMSA 1978, § 40-4-9 (1977).

{4}    Respondent also challenges the sufficiency of the evidence to support the previous determinations by which her rights to custody and visitation were limited. [MIO 3-5, 8-10] Relative to proceedings in Indiana, Respondent's arguments are not properly before us. [MIO 14, 20] *See generally Meier v. Davignon*, 1987-NMCA-030, ¶ 9, 105 N.M. 567, 734 P.2d 807 ("Our review is limited to matters that are of record in the cause before us."). Relative to the more recent decisions in the underlying proceedings, [RP 301-02, 310] our review of the record indicates that evidence was presented, principally by the court-appointed guardian ad litem, to the effect that Respondent was uncooperative, her behavior was inappropriate, and her contact with the child was detrimental. [RP 274-300] This is sufficient to support the district court's determination. *See, e.g., Thomas*, 1999-NMCA-135, ¶¶ 11, 16-17 (upholding an award of sole custody to the father based on the GAL's testimony concerning

3

uncooperative parental behavior and its negative impact upon the children, as well as related effects on the best interests of the children). And while we acknowledge Respondent's belief that the district court improperly assessed and balanced the evidence relative to the propriety of continuing the sole custody arrangement as well as the child's best interests, [MIO 3-9, 20–23] we are unwilling to second-guess these determinations. *See id.*; *and see generally Coulter v. Stewart*, 1982-NMSC-035, ¶ 7, 97 N.M. 616, 642 P.2d 602 (illustrating that the existence of conflicting evidence does not render the evidence insubstantial).

{5} Respondent also continues to argue that the district court erred in its treatment of child support, both prospectively and with respect to arrears. [MIO 14-22] As we previously observed, the district court used the child support guidelines, and ultimately adopted Respondent's proposed calculation. [RP 424, 430] As such, we perceive no error relative to the prospective award. *See generally* NMSA 1978, § 40-4-11.1(A) (2008) ("In any action to establish or modify child support, the child support guidelines . . . shall be applied to determine the child support due and shall be a rebuttable presumption for the amount of such child support."); *Cox v. Cox*, 1989-NMCA-035, ¶ 22, 108 N.M. 598, 775 P.2d 1315 (declining to consider a claim of error which the party invited by his own proposed findings and conclusions). Relative to the treatment of arrears, we note that the district court's calculation appears to have

4

been based in part upon enforcement of the initial award entered in Indiana. To the extent that the prior satisfaction of this obligation is disputed, [MIO 15, 17] we remain of the opinion that the district court, as finder of fact, was entitled to resolve that dispute as it did. *See generally Chapman v. Varela,* 2009-NMSC-041, ¶ 5, 146 N.M. 680, 213 P.3d 1109 ("[T]he duty to weigh the credibility of witnesses and to resolve conflicts in the evidence lies with the trial court, not the appellate court." (internal quotation marks and citation omitted)). With respect to the domestication issue, [MIO 14-15] the record reflects that an agreement was reached as to this matter. [RP 428] To the extent that Respondent's attorney of record entered such an agreement or stipulation, [DS 13] Respondent is bound thereby. *See Percha Creek Mining, LLC v. Fust*, 2008-NMCA-100, ¶ 11, 144 N.M. 569, 189 P.3d 702 (observing that a party is bound by its stipulation); *e.g. Lane v. Lane,* 1996-NMCA-023, ¶ 17, 121 N.M. 414, 912 P.2d 290 (declining to set aside the stipulation of counsel where no equitable basis for so doing was presented). With respect to the period of time following Petitioner's motion for modification, we note that contrary to Respondent's assertions, [MIO 15] arrears were appropriately assessed. *See generally Zabolzadeh v. Zabolzadeh,* 2009-NMCA-046, ¶ 7, 146 N.M. 125, 207 P.3d 359 ("New Mexico . . . allows modification of child support to be retroactive to the date of the petition for modification."). Moreover, the district court's calculation appears to have been based

on Respondent's own proposal. [RP 428] Once again, Respondent is bound thereby. *See Cox*, 1989-NMCA-035, ¶ 22 (declining to consider a challenge to a party's own proposed resolution of a disputed matter).

{6}     To the extent that Respondent may continue to challenge the district court's handling of the debt equalization, we again note that the equalization was the product of a simple calculation by which the monies due to Petitioner were offset against monies due to Respondent, pursuant to the final decree of dissolution of marriage, a prior award of attorney fees, and the child support determinations mentioned above. [RP 426-31] To the extent that Respondent's challenge is based upon her concerns about domestication of the previously entered judgments and the district court's child support calculations, for the reasons previously stated we reject her arguments. We specifically note with respect to the district court's failure to credit her for monies expended to purchase a life insurance policy, [MIO 17-18] insofar as the purchase of such a policy was not court ordered, it represents a voluntary expenditure for which Respondent is not entitled to any offset. *See Hopkins v. Hopkins*, 1989-NMCA-101, ¶ 16, 109 N.M. 233, 784 P.2d 420, (stating the general rule is that "a non-custodial parent will not be permitted credit against court-ordered child support obligations for gifts given to the children"). Ultimately, insofar as evidence was presented to establish

the amounts due, and insofar as the district court's calculations are accurate, we reject Respondent's assertions of error.

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**



_____

**J. MILES HANISEE, Judge**