HENLE, et al, Appellants, v. BODIN, et al, Respondents.

(222 N. W. 492.)

(File No. 6687.  Opinion filed December 20, 1928.)

*Bulow & Kaye,* of Beresford, and *Bogue & Bogue,* of Parker, for Appellant.

*Claude A. Bennett,* of Canton, for Respondent.

MISER, C.  In 1920, appellants executed and delivered to defendant Bodin a warranty deed to a tract of land described therein as follows:

"Commencing at a point that is 40 feet due south of the southwest corner of Block 9, of Ricard's Addition to the City of Beresford, Union County, South Dakota, running thence south 100 feet, thence east 150 feet, thence north 100 feet, thence west 150 feet to the place of beginning."

The consideration named in the deed was $2,100.  Of this, $1,600 was the consideration for the premises above described, and $500 was for a barn not then on the premises, which Bodin thereafter, with the assistance of appellant Toomey, moved onto the north 40 feet of the tract above described and remodeled for a dwelling house.  Bodin paid to appellants $500 in cash and executed and delivered to them a note for $1,600 and a purchase-money mortgage securing the same covering the premises above described. In 1923, Bodin executed and delivered to the Beresford State Bank his note for $3,016 and a mortgage securing the same, which mort-

gage was subject to the $1,600 mortgage above described. This second mortgage was, in 1927, transferred and assigned to respondent Beresford Holding Corporation. Appellants had purchased these premises about 1914 from one Lehman, from whom they received a warranty deed. When the property was owned by Lehman's grantor, there was a woven wire fence along the north side of the property; and a row of trees planted 30 or 40 years before trial still stand to mark the place where the fence once stood along the north and west sides. The entire tract has been used as a residence property and garden for 30 years; and it does not appear that any of said grantors, grantees, mortgagors, or mortgagees knew, until about 1925, that the north 40 feet of the tract in question is the south half of Willow street in said city, having been dedicated as a street when the addition was platted and never having been vacated by the city, although for more than 20 years prior to the trial in 1927 the premises have been assessed as hereinbefore described.

Bodin having failed to pay the interest on the note given to appellants after September 18, 1922, appellants commenced foreclosure, naming as defendants the said Bodin, Beresford Holding Company, substituted for Beresford State Bank, the city of Beresford, and another. None of the defendants answered except the Beresford Holding Company. Thereafter, on April 11, 1927, defendant Bodin executed and delivered to respondent Beresford Holding Company a warranty deed to the premises above described, and, on the same day, executed and delivered to said holding company an assignment of all his rights and causes of action against appellants, which facts are also alleged in respondent's amended answer and counterclaim, based upon the failure of title to the north 40 feet of the said tract, for which respondent asked judgment against the plaintiffs for the sum of $2,840.

At the trial of the action, it was stipulated by the parties, among other things, as follows:

"That the north 40 feet of said premises were a part of Willow street of the city of Beresford, Union County, South Dakota, and belonged to the city of Beresford for the purposes of a public street, and that the plaintiffs (appellants) did not have title to said 40 feet at the time of the execution of said warranty deed hereinbefore mentioned, and they have not since secured the title thereto,

either for themselves, the said Hans Bodin, the Beresford State Bank or the Beresford Holding Corporation, and the title still remains in the said city of Beresford."

Appellants, in their brief, place the word "absolute" before the word "title" in the stipulation hereinbefore quoted, not as having been actually used therein, but as expressing the legal intendment of the stipulation. As so used, it is in harmony with the evidence thereafter introduced by appellants without objection by respondent. Although such evidence tended to prove that appellants and their predecessors in interest, as well as their grantee, the defendant Bodin, were the owners of the north 40 feet of said premises, subject to whatever rights the city of Beresford may have to use and occupy the same as a public street, the trial court made findings of fact in which it found that appellants were not, at the time of their conveyance to Bodin, the owners of the north 40 feet, and "their warranty deed to Hans Bodin conveyed no title to him, the title to said premises being in the city of Beresford, a municipal corporation; the same being occupied and used as a public street, which the said city of Beresford upon due request, refused to vacate and abandon." There is no evidence whatever that, at any time, said premises were "used and occupied as a street." The evidence introduced by appellants, without objection and unchallenged by respondent is that, for over 30 years, said premises were used for residence and garden purposes by respondent and its predecessors in interest, Bodin, appellants, and Lehman.

In Fitzgerald v. Miller, 7 S. D. 61, 63 N. W. 221, this court said: "In its usual and ordinary acceptation, the word 'title' signifies the means by which the owner of land rightfully holds the possession thereof." In view of this definition of the word "title," it is unfortunate that appellants assented to its use in a stipulation in any other sense; but the subsequent introduction of the abstract of title, plat, and oral testimony hereinbefore referred to, without objection, tends to corroborate appellants' contention that appellants were the owners at the time of their conveyance to Bodin, subject, if subject at all, to such rights as the city acquired by the dedication of Willow street.

If the city of Beresford claims the fee title to this 40-foot strip of land as respondent would concede to it, or if appellants claim that any easement once held by the city has been lost, as they argue

in their brief, such claims may be adjudicated in a proper suit with pleadings raising such issue or issues. This is not such a suit. Appellants commenced a simple foreclosure action, making the city a party thereto. The city made default therein. As between appellants and the city, the trial court could render no judgment determining their rights outside the scope of the pleadings. As between appellants as the first mortgagees and respondent as the assignee of the second mortgagee and as the grantee of the mortgagor, if, as the parties stipulated, "the north forty feet of said premises was a part of Willow street and belonged to the city of Beresford for the purposes of a public street," their rights are limited to a determination of the amount due to appellants and the property to be sold on foreclosure for its payment.

Appellants are asking for a new trial because the trial court held that their mortgage was not a lien on the north 40 feet of the premises and decreed that only the south 60 feet be sold for the payment of the debt, less the damages for breach of covenant, which it found to be $400. If respondent felt itself aggrieved by the amount of damages allowed, it might have appealed, but did not do so, although contending in its brief that greater damages should have been allowed and charged against the mortgage debt. The city is not in this suit claiming to be the owner of this 40-foot strip. Such claim is advanced only by respondent. Respondent is not in position to claim that it owns this strip of land, although admitting that it collects the rent from the tenant thereon, because, if Bodin could convey title to it by his warranty deed, why could not appellants have conveyed to Bodin by their warranty deed and Bodin mortgaged the same strip of land by his mortgage?

But, if appellants were the owners of the south 60 feet of this land, and, by dedication, the city of Beresford acquired the right given by section 6541, R. C. 1919, to use this north 40 feet for street purposes, appellants would still be the "owners of the soil and freehold of the street in front of such lot to the center thereof, incumbered only by the easement in the public for passing and repassing over the same, and the rights of the municipality to use the same, or permit its use, for municipal purposes, as authorized by law." Edmison v. Lowry, 3 S. D. 77, 52 N. W. 583, 17 L. R. A. 275, 44 Am. St. Rep. 774; Donovan v. Allert, 11 N. D. 289, 91 N. W. 441, 58 L. R. A. 775, 95 Am. St. Rep. 720; section 360,

R. C. 1919. Certainly the ownership of the 40-foot strip in appellants and their predecessors in interest as well as in their grantee and mortgagor, Bodin, has not been weakened by their uninterrupted possession for over 30 years, and by the fact that it has been assessed, not as a street but as private property for 20 years. If the conveyance of property fronting on a highway is presumed to carry title to the center thereof unless the fee is expressly reserved, as held by this court in Sweatman v. Bathrick, 17 S. D. 138, 95 N. W. 422, does the grantee receive less when the deed describes the land to the middle of the street as in the case at bar? Whatever the extent of the city's interest in this 40-foot strip, appellants had an interest therein which they could and did convey to Bodin and which Bodin could and did mortgage. To limit appellants' foreclosure to the south 60 feet of the premises was, as between appellants and respondent, an unwarranted restriction to a part of the property mortgaged; and, for this reason, the judgment appealed from should be reversed. Because of uncertainties arising out of the conflict in the evidence and stipulations, judgment will not be directed for appellants, but a new trial will be granted as prayed for.

Judgment is accordingly reversed, and a new trial granted.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.