Hazel SMITH, Ralph Greslin and Carleen Greslin, Terry and Karen Mudder, Sidney and Mary Ann Pulaski, David Geary, Dave and Barb Clausen, Arland and Charlotte Lindsey, Bruce Rath, and Patricia Gueffroy, Plaintiffs and Appellees,

v.

Eugene ALBRECHT, Cecil Sponheim, Harland and Betty Kistler, Kenneth Atkinson and John Gapp, Defendants and Appellants.

No. 14298.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1984.

Decided Jan. 30, 1985.

Doyle D. Estes of Gunderson, Farrar, Aldrich & Demersseman, Rapid City, for plaintiffs and appellees; Michael J. O'Connor of Gunderson, Farrar, Aldrich & Demersseman, Rapid City, on brief.

Hermon B. Walker, Rapid City, for defendants and appellants.

MORGAN, Justice.

This appeal is from a declaratory judgment action initiated pursuant to SDCL ch. 21–24 by a group of Meade County, South Dakota, residents and property owners (Smith). Smith requested a declaration that a road leading to the various plaintiffs' properties had been dedicated and accepted for use as a public road; or in the alternative, that a prescriptive easement over the defendants' (Albrecht) property had arisen in favor of Smith. The trial court declared that a public road existed and that there was no prescriptive easement. We reverse.

The disputed road is approximately 1800 feet long and was first traveled around

1940. It remained unimproved until 1957 when the owners of the property over which the road passes removed the fences on the south side of the road and Meade County graded the east end. In 1966, the county graded the rest of the road. Although there are no easements recorded, a power line runs along the north side of the road and a buried telephone cable runs along the south side. The road has been maintained over the years in part by the property owners upon whose land the road lies, in part by the landowners' neighbors who also used the road, and periodically by Meade County. Only a few families from the community used the road until a subdivision was constructed west of the road bed. Usage increased and, according to Albrecht, the quality of life in the area decreased as the subdivision developed. Albrecht contends that increased use of the road has created problems of safety, health, vandalism, nuisance, and road deterioration.

Smith held a community meeting in 1979 or 1980 to discuss: (1) the private nature of the road, (2) closing the road, and (3) the construction of a public highway. The parties approached the Meade County Commissioners who placed a moratorium on building permits in the new subdivision until a public road was constructed and opened on a common section line in 1981. All of the plaintiffs in this action and all present and future residents of the subdivision have access to Highway 14–79 over this new public road. The new road is located 1,320 feet north of the road in issue.

Albrecht has raised four issues on appeal: (1) Whether the county is an indispensable party to an action for the determination that a public road exists as a result of twenty years of continuous use and maintenance? (2) Whether exhaustion of administrative remedies is a condition precedent to obtaining a declaratory judgment that a public highway exists? (3) Whether the party seeking judicial establishment of a public highway by implied dedication has the burden of proving the landowners' intent to relinquish and the public's acceptance of the property by clear and convincing evidence? (4) Whether the conclusion that a public highway exists under SDCL 31–3–1 is sufficiently supported by evidence that maintenance work was performed only six times in forty-two years?

■ As part of a motion to require Smith to elect between alternative remedies, Albrecht requested that if Smith chose to pursue a declaration that the road was a public road Meade County had to be joined as an indispensable party. Albrecht contends that the county is an indispensable party because a judicial declaration that the road exists will result in county responsibility for the road and thereby impose a tax burden upon county residents without affording them a voice in the decision, and because failure to join the county could lead to further litigation. The trial court apparently ignored the joinder question.

Smith relies upon and the trial court cited SDCL 31–3–1:

Whenever any road shall have been used, worked, and kept in repair as a public highway continuously for twenty years, the same shall be deemed to have been legally located or dedicated to the public, and shall be and remain a public highway until changed or vacated in some manner provided by law.

First, Albrecht argues that a trial court's declaration that a road exists under this statute imposes a duty to maintain on the county and creates an additional tax burden for the county taxpayers. The county, as it represents the taxpayers, is thus a person affected by the decree whose interest was not represented by any party to the suit. *See* 59 Am.Jur.2d *Parties* § 13 (1971).

One may be an indispensable party if his interest in the subject matter of the controversy is of such a nature that a final decree cannot be rendered between the other parties to the suit without inevitably affecting that interest. For an absent person to be indispensable he must have a direct interest in the litigation; and if this interest is such that it cannot

be separated from that of the parties to the suit, if the court cannot render justice between the parties in his absence, if the decree will have an injurious affect upon his interest, or if the final determination of the controversy in his absence will be inconsistent with equity and good conscience, he is an indispensable party. This court has defined indispensable parties as those whose interest is such that a final decree cannot be entered without affecting that interest or in whose absence the controversy cannot be terminated. *Weitzel v. Felker*, 76 S.D. 216, 76 N.W.2d 225 (1956). Indispensable parties may be added by the trial court's order on the motion of any party or on its own initiative at any stage of the action. *Renner v. Crisman*, 80 S.D. 532, 127 N.W.2d 717 (1964). Although apparently not denying that the county's responsibility gives it an interest in this action, Smith argues that (1) Albrecht has shown no prejudice as a result of the county's absence from the proceedings, (2) relief has been afforded the parties without county involvement, and (3) the county did not seek joinder. Based on these arguments, Smith contends that the county is not an indispensable party to this action and that denial of joinder was harmless error.

Second, we note that the county ordered the construction of a new road apparently with the intention of maintaining that road. The county will also be responsible for the judicially declared public highway when that road becomes part of the county highway system. *See* SDCL 31–12–19. The maintenance required by SDCL 31–12–19 is funded by taxes levied under SDCL 10–12–12.

■ There is no indication that the county is willing to accept the burden of maintaining both roads. Thus, there is a possibility that the county will not maintain the disputed road and it could become dangerous or useless to Smith. Unless the county is made a party to the action and can be ordered to maintain or accept the road that passes over Albrecht's property, complete relief cannot be accorded to the parties in this action. *See* SDCL 15–6–19(a)(1). Meade County either on its own as the party ultimately responsible for the road, or as the representative of county taxpayers, is an indispensable party to this declaratory judgment action. *See Henle v. Bodin*, 54 S.D. 46, 222 N.W. 492 (1928).

One of Albrecht's major contentions at trial was that Meade County had not accepted an alleged dedication of the road. The question of the county's acceptance of the alleged dedication could have been more clearly resolved if the county had been brought in as a party to the action. In the event the county denied acceptance or responsibility for the road, the outcome of this case could have been very different. The present judgment is in no way binding on Meade County; absent county involvement in this action Smith cannot be afforded complete relief. The fact that Meade County did not seek joinder does not preclude joinder under SDCL 15–6–19(a).

Although evidence was presented to demonstrate that county funds were expended for construction and maintenance of the road and that the county periodically maintained the road, there is also evidence that the county ordered the construction of the second road so that the road in dispute could be closed. This does not imply acceptance or responsibility for the disputed road. On the contrary, the only possible inference is that the county did not consider the road in issue to be a dedicated and accepted public road. The county, acting in its own interest, may waive its role as an indispensable party; it may not, however, waive its indispensable role as the representative of county taxpayers.

■ While the inclusion of necessary parties is up to the trial court's discretion, there is no discretion as to the inclusion of indispensable parties. *Kapp v. Hansen*, 79 S.D. 279, 111 N.W.2d 333 (1961). SDCL 15–6–19(a), which governs joinder of indispensable parties, requires the court to order joinder if it is feasible, i.e., the party is subject to service of process; the language is mandatory and leaves no discretion with

the court. *Shangreaux v. Westby*, 281 N.W.2d 590 (S.D.1979).

 Although reversal on the indispensable party issue renders discussion of the other issues unnecessary, we note Albrecht's argument that exhaustion of the administrative remedies provided in SDCL 31-3-22 through 31-3-24 is a condition precedent to a request for a judicial declaration that a public highway exists. SDCL 31-3-22 reads, in pertinent part:

> If ten freeholders of any county petition the board of county commissioners for the location, change, or vacation of any public highway ... setting forth in such petition the beginning, course, and termination of the highway *proposed to be located, changed, or vacated,* ... the auditor of such county shall lay such petition before the board of county commissioners at its next meeting. (emphasis added)

The statutory procedure applies to the "location" of "proposed" highways, not to an after-the-fact determination that a highway already in place is legally located. Declaratory judgment actions to determine the legality of a road's location or the existence or nonexistence of public roads have been brought in this state and considered by this court without reference to the administrative procedure outlined in Albrecht's brief. *Miller v. Scholten*, 273 N.W.2d 757 (S.D. 1979); *Haley v. City of Rapid City*, 269 N.W.2d 398 (S.D.1978); *Brusseau v. McBride*, 245 N.W.2d 488 (S.D.1976).

We reverse.

All the Justices concur.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, Acting as Supreme Court Justice, not participating.