2002 SD 52

**James THIEMAN and Lynn Thieman, Plaintiffs and Appellees,**

v.

**Tom BOHMAN and Pam Bohman, Defendants and Appellants.**

No. 22001.

Supreme Court of South Dakota.

Considered on Briefs March 25, 2002.

Decided May 8, 2002.

Donald E. Covey, Winner, South Dakota, for plaintiffs and appellees.

Gwendolyn LaPrath, Gregory, South Dakota, for defendants and appellants.

SABERS, Justice.

[¶ 1.] James and Lynn Thieman (Thieman) filed suit against Tom and Pam Bohman (Bohman) seeking a declaration that an alley/road bordering the parties' property was a public road and seeking to enjoin Bohman from blocking this alley/road. The trial court determined that the alley/road is a dedicated public alley/road and granted Thieman a permanent injunction enjoining Bohman from barricading the alley/road or preventing its use as a public way. Bohman appeals, arguing that the trial court lacked jurisdiction because of the failure to join the City of Winner (City) as an indispensable party, along with other similarly situated landowners. We reverse.

## FACTS

[¶ 2.] In February 1932, City approved a plat describing Block 65 in Tripp County, Winner, South Dakota.[1] In November 1968, City approved a plat which established the Rosebud Tract within the Block 65 area.[2] City resurveyed and subdivided the Rosebud Tract in July 1969.[3] The 1969 plat description depicts an alley/road, 40 feet in width, running along the north edge of Lots 1–7. This road was used by the lot owners and by patrons of businesses located along the road for many years.

[¶ 3.] Thieman owns a part of Lot 3 of the Rosebud Tract of Railroad Outlets.[4] He purchased this property in 1987. The previous owners used the property as a livestock buying station and Thieman continues to operate a livestock buying station on the property. His customers use the alley/road running along the north edge of Lots 1–7 to reach his business.

[¶ 4.] Over the years, Thieman made improvements to the alley/road, with the knowledge and permission of Dennis Schroeder, Bohman's predecessor in interest for Lots 5, 6 and 7. The improvements included grading and applying gravel to some portions of the Lots and to the alley/road to raise its base. Thieman also installed a culvert and trench under it to redirect surface water so that it did not flow directly into his livestock pens.

[¶ 5.] City expended some public funds for the grading and application of gravel to the alley/road. Funds were also allocated for the laying of water and electric lines. In 1994, however, City voted against obtaining a 20–foot easement on the 40–foot strip for the purpose of maintaining the alley/road.

[¶ 6.] Bohman currently owns Lots 5, 6 and 7 of the Rosebud Tract of Railroad Outlets. He purchased this property in June 1996. At the time of purchase, he

1. This plat was denominated "Amended Plat Showing Block 65 in Original Town of Winner [South Dakota] previously described as a tract of land bounded on East by Sec line on North by South line of Tripp Ave on West by East line of Main St, on South by North line of C & N.W.Ry. Co's Right of Way."

2. This plat was denominated "Plat Showing Rosebud Tract, City of Winner N2SE4 SEC. 20–T99N–R76W 5th P.M. Tripp County South Dakota."

3. This plat was denominated "Plat Showing Resurvey and Subdivision of Rosebud Tract addition to the City of Winner, Tripp County,

South Dakota SE4. Sec. 20, T99N, R76W, 5th P.M."

4. As described in his amended complaint, Thieman owns:

The West one Hundred Seven feet (107'), of the East Six Hundred thirty-four feet (634') of Lot Three (3); and the East Two Hundred Sixty-six feet (266') of the West Three Hundred Seventy-three feet (373') of the East Six Hundred Thirty-four feet of Lot Three (3), Block Sixty-five (65), Railroad Outlots, Winner, Tripp County, South Dakota, according [to] the plat thereof of record.

was aware that the public used the alley/road.

[¶ 7.] On December 6, 1999, Bohman asserted control over the use of the alley/road by constructing a single wire fence over a barricade of wooden timbers, a wrecked truck body and a tractor and loader. This barricade effectively prevented Thieman's customers from using the alley/road to access his business.

[¶ 8.] On December 7, 1999, Thieman brought suit against Bohman seeking temporary and permanent injunctive relief, declaratory relief, damages and punitive damages. Bohman filed a motion to dismiss the temporary injunction on December 13, 1999. The trial court granted a temporary injunction and ruled that the motion to dismiss would be heard at trial. On August 24, 2000, Bohman moved for summary judgment. By agreement of the parties, Thieman amended his complaint on November 16, 2000, seeking only injunctive and declaratory relief. The trial court denied the motion for summary judgment on December 6, 2000.

[¶ 9.] A bench trial was held on January 17, 2001. The trial court determined that it had jurisdiction over the matter and granted Thieman injunctive relief, enjoining Bohman from barricading or preventing others from using the alley/road. It further declared "that the alley or road is a dedicated alley or road, open to the public." Bohman appeals.

### STANDARD OF REVIEW

[¶ 10.] Whether the trial court had jurisdiction is a question of law reviewed de novo. *Estate of Galada,* 1999 SD 21, ¶ 8, 589 N.W.2d 221, 222–23 (citing *Kroupa v. Kroupa,* 1998 SD 4, ¶ 10, 574 N.W.2d 208, 210). "Accordingly, the issues are fully reviewable and we afford no deference to the conclusions reached by the trial court." *Id.* (citation omitted).

### [¶ 11.] WHETHER THE FAILURE TO JOIN THE CITY OF WINNER AS AN INDISPENSABLE PARTY RESULTED IN A LACK OF JURISDICTION TO DECLARE A PUBLIC ROAD.

[¶ 12.] Bohman argues that the failure to join City as an indispensable party deprives the court of jurisdiction. Specifically, Bohman contends that a city or county is an indispensable party in an action where property owners initiate a declaratory judgment action requesting a declaration that a road has been dedicated and accepted for use as a public road.

[¶ 13.] An indispensable party is one "whose interest is such that a final decree cannot be entered without affecting that interest or in whose absence the controversy cannot be terminated." *Smith v. Albrecht,* 361 N.W.2d 626, 628 (S.D.1985) (citing *Weitzel v. Felker,* 76 S.D. 216, 76 N.W.2d 225 (S.D.1956)).

One may be an indispensable party if his interest in the subject matter of the controversy is of such a nature that a final decree cannot be rendered between the other parties to the suit without inevitably affecting that interest. For an absent person to be indispensable he must have a direct interest in the litigation; and if this interest is such that it cannot be separated from that of the parties to the suit, if the court cannot render justice between the parties in his absence, if the decree will have an injurious affect upon his interest, or if the final determination of the controversy in his absence will be inconsistent with equity and good conscience, he is an indispensable party.

*Smith,* 361 N.W.2d at 627–28 (quoting 59 AmJur2d Parties § 13 (1971)). "While the inclusion of necessary parties is up to the trial court's discretion, there is no discre-

tion as to the inclusion of indispensable parties." *Smith,* 361 N.W.2d at 628 (citing *Kapp v. Hansen,* 79 S.D. 279, 111 N.W.2d 333 (1961)).

[¶ 14.] The trial court concluded that it had "jurisdiction to adjudicate the issues of this case." In its conclusions of law, the trial court determined that the relief sought by Thieman did "not seek to establish a public easement, alley, road or right of way by prescription" and, therefore, "the City of Winner is not an indispensable party." The trial court further stated that Thieman is "not seeking to force the City of Winner to maintain the alley or road[.]" If the relief sought were based on a private easement between the parties instead of a public easement, alley or road, the conclusion of law would have been correct. However, as indicated, that is not the situation here. The trial court erred in its determination.[5]

[¶ 15.] In the *Smith* case, this Court addressed this issue. In *Smith,* Albrecht, a property owner, sought a declaration that a road leading to his property had been dedicated for use as a public road. 361 N.W.2d at 628. The trial court determined that a public road existed and that Meade County was not an indispensable party to the action. *Id.* On appeal, this Court reversed. *Id.* at 629. This Court determined that the parties could not be accorded full relief unless Meade County was a party to the action. *Id.*

[¶ 16.] The same analysis applies here. "Unless [City] is made a party to the action and can be ordered to maintain or accept the road that passes over [Thieman's] property, complete relief cannot be accorded to the parties in this action." *Id.* (citing SDCL 15–6–19(a)(1)). "[City] either on its own as the party ultimately responsible for the road, or as the repre-

sentative of county taxpayers, is an indispensable party to this declaratory judgment action." *Id.* (citing *Henle v. Bodin,* 54 S.D. 46, 222 N.W. 492 (1928)). The trial court cannot make a determination regarding City's responsibility for the alley/road without City being a party to the action. While the trial court indicated that Thieman was not attempting to force City to maintain the alley/road, that is the effect of declaring it to be a dedicated public alley/road. This was error.

[¶ 17.] Furthermore, the trial court's determination that City had accepted the alley/road as a dedicated public road is in question. The vote taken by City in 1994, which determined that City would not purchase an easement for maintaining the alley/road, may indicate City's intent that it does not consider the alley/road to be a dedicated and accepted public road. "The [City], acting in its own interest, may waive its role as an indispensable party; it may not, however, waive its indispensable role as the representative of [City] taxpayers." *Smith,* 361 N.W.2d at 628.

[¶ 18.] Therefore, we reverse. Because we reverse on the indispensable party issue, discussion of the other issues is unnecessary at this time.

[¶ 19.] GILBERTSON, Chief Justice, and AMUNDSON and KONENKAMP, Justices, and GORS, Acting Justice, concur.

[¶ 20.] ZINTER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

---

5. Compare with *Bergin v. Bistodeau,* 2002 SD 53, 645 N.W.2d 252, where the City of Hill City was included as a party to the action.