2015 S.D. 38

**Gary BUSSELMAN, Plaintiff
and Appellee,**

v.

**Todd D. EGGE and Joanne K. Egge,
Defendants and Appellants.**

**No. 27175.**

Supreme Court of South Dakota.

Considered on Briefs March 23, 2015.

Decided May 27, 2015.

Todd V. Meierhenry, Christopher Healy of Meierhenry Sargent LLP, Sioux Falls, South Dakota, Attorneys for plaintiff and appellee.

Steven W. Sanford, Eric J. Cleveringa of Cadwell Sanford Deibert & Garry, LLP, Sioux Falls, South Dakota, Attorneys for defendants and appellants.

ZINTER, Justice.

[¶ 1.] Todd and Joanne Egge placed obstructions on a platted but unimproved service road. Gary Busselman sued Egges, contending that the service road was open to public travel because it had been dedicated and accepted by the City of Sioux Falls and Minnehaha County. The circuit court agreed, and it granted sum-

mary judgment in favor of Busselman. On appeal, Egges do not argue the merits of the dedication/acceptance question. The sole issue is whether the circuit court erred in failing to require joinder of an indispensable party; i.e. the appropriate governmental entity responsible for acceptance of the purported dedication. We reverse and remand for joinder of the appropriate governmental entity.

*Facts and Procedural History*

[¶2.] Egges and Busselman own adjoining property in Split Rock Township southeast of Sioux Falls. Egges own "Lot 1." Egges constructed a building for their business on the lot. They also constructed a fence, a monument, and a sign north of their building. There was some dispute in the proceedings below whether all of these improvements were on their lot, but there is no dispute that some of the improvements are on a platted but unimproved service road north of their property.

[¶3.] Busselman owns "Lot 2," which adjoins Lot 1 to the west. Highway 42 (now known as Arrowhead Parkway) is north of Lot 1, Lot 2, and the platted service road. Busselman did not have direct access to Highway 42 from Lot 2. Busselman attempted to obtain direct access in 1998, but the Department of Transportation denied his request to build an approach. Busselman then attempted to obtain access via the unimproved service road that was described in a 1979 plat. Some or all of Egges' improvements are located within and obstruct the service road.

[¶4.] Busselman sued Egges for damages and an injunction to prevent Egges' obstruction of the service road. The 1979 plat contains language dedicating "the streets, roads, and alleys, if any, as shown and marked on said plat." The parties disputed whether that language was sufficient to constitute a dedication. Egges also contended that there was no governmental acceptance of any purported dedication. They conceded that the Sioux Falls City Commission (City) "approved" the plat by resolution, but they contend the City did not "accept" the dedication.[1] Therefore, they argued that there was no public right-of-way to obstruct.[2] Busselman argued that the service road had been dedicated and accepted. On cross-motions for summary judgment, the circuit court concluded that there was dedication and acceptance. Therefore, the court concluded that the service road was a right-of-way dedicated to the public for public use, and the court ordered Egges to remove the obstructions. Egges filed a motion for reconsideration, arguing that even though

---

1. Both the City and Minnehaha County approved the plat because the property was within the three-mile joint-jurisdiction limit. Under SDCL 11–6–26.1, in the case of land over which there is joint municipal-county zoning jurisdiction, plats may not be filed or recorded until the plats have been submitted to the county planning and zoning commission for review and recommendation to the city council. The county planning and zoning commission is required to make its recommendation to the city council within forty-five days of submission. If the county planning and zoning commission recommends disapproval of any such plats, a two-thirds vote of the entire membership of the city council is required to approve the plats. The board of county commissioners may by resolution designate an administrative official of the county to review and make a recommendation to the city council in lieu of the review and recommendation by the county planning commission.

2. Additionally, Egges argued that they had acquired title to the service road property through adverse possession. A resolution of that question is also dependent upon whether the service road had been dedicated and accepted by a governmental entity. The circuit court held that this argument was waived. Adverse possession is not an issue on appeal.

the plat had been approved by the City, plat approval did not constitute acceptance. Egges also questioned whether the appropriate government entity [3] was an indispensable party that was required to be joined. Egges' motion for reconsideration was denied without ruling on the indispensable party question. On appeal, Egges argue that either Split Rock Township or the City was an indispensable party that Busselman failed to join.[4]

## Decision

[¶5.] Egges argue that the acceptance issue "cannot be addressed without the presence as a party of the applicable governmental authority." Busselman responds that joinder is not necessary because, as a matter of law, the service road was dedicated (by the dedication paragraph in the owners plat) and accepted (by a City resolution approving the plat). Busselman also argues that Egges failed to meet their burden showing that complete relief could not be granted without joinder of the relevant governmental entity. Busselman contends that a dedication and acceptance determination will not require any public entity to open, improve, or maintain the service road.

[¶6.] "An indispensable party is one 'whose interest is such that a final decree cannot be entered without affecting that interest or in whose absence the controversy cannot be terminated.'" *Thieman v. Bohman,* 2002 S.D. 52, ¶13, 645 N.W.2d 260, 262 (quoting *Smith v. Albrecht,* 361 N.W.2d 626, 628 (S.D.1985)). SDCL 15-6-19(a) more specifically addresses the indispensable parties who must be joined.

A person who is subject to service of process shall be joined as a party in the action if:

(1) In his absence complete relief cannot be accorded among those already parties; or

(2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

SDCL 15-6-19(a). "'While the inclusion of necessary parties is up to the [circuit] court's discretion, there is no discretion as to the inclusion of indispensable parties.'" *Thieman,* 2002 S.D. 52, ¶13, 645 N.W.2d at 262-63 (quoting *Smith,* 361 N.W.2d at 628). The indispensable party issue is a question of law that we review *de novo. Id.* ¶10, 645 N.W.2d 260, 262. "'Accordingly, the issue[ is] fully reviewable and we afford no deference to the conclusion[ ] reached by the [circuit] court.'" *See id.*

---

**3.** Egges' briefs suggest that one of two governmental entities is the indispensable party—either the City or Split Rock Township. Egges indicate that the service road is unlikely to be classified as county highway. At the hearing on the motion to reconsider, Egges thought that Split Rock Township was the indispensable party. The circuit court ruled that the City of Sioux Falls and Minnehaha County accepted the dedication by a City resolution accepting the plat. We express no opinion on which entity should be joined.

**4.** Appellate counsel did not represent Egges in the proceedings below.

[¶ 7.] . Busselman first argues that Egges failed to raise this issue. We disagree. At the reconsideration hearing Egges pointed out:

> [*Thieman v. Bohman*] said that the City ... was an indispensable party where the only thing that the plaintiff was asking for was a declaratory judgment action and an injunction, which is similar to this case. This case, the plaintiff's complaint did not seek to force anybody to construct a road, but even though it didn't ask for a declaratory judgment action, essentially that was the case submitted to the Court ... in the nature of a declaratory judgment.

Busselman concedes that "[t]he indispensable party issue was mentioned in oral argument," however, he notes that "no ruling was requested or made regarding it." Although no motion for joinder was made and there was no ruling on the issue, this issue may be considered on appeal.

> [T]he mandatory language in Rule 19(a) to the effect that the absentee "shall be joined as a party in the action" and stating that "if the person has not been so joined, the court shall order that the person be made a party" seems to reflect a desire on the part of the drafters that persons needed for a just adjudication of the action be joined whenever possible.... [T]he absence of an indispensable party is considered to be so significant a defect that most courts have indicated that it may be raised for the first time subsequent to the trial or on appeal. Any party may bring the issue to the court's attention, and both the trial court and the appellate court may take note of the nonjoinder of an indispensable party sua sponte.

7 Alan Wright et al., *Federal Practice and Procedure* § 1609 (3d ed.2008) (footnotes omitted). *See also* 4 James Wm. Moore, *Moore's Federal Practice* § 19.02(4)(b)(ii) ("Although it is contrary to the letter of the provision governing timing of defensive responses, the lack of an indispensable party may be raised for the first time on appeal. Indeed, the appellate court may raise the issue sua sponte."). Therefore, we consider the issue in this appeal.

[¶ 8.] Busselman sought an injunction to have Egges remove obstructions on a platted but unimproved service road that Busselman alleges was "accepted" by the appropriate government entity. This Court has considered joinder in such cases both where the moving party sought governmental maintenance of the road and where governmental maintenance was not at issue. In *Smith,* a property owner sought a declaration that a road leading to his property had been dedicated for use as a public road. 361 N.W.2d at 626. The property owner sought the declaration with the apparent intention of having the county maintain the road. *Id.* at 628. *Thieman* involved a suit "seeking a declaration that an alley/road bordering the parties' property was a public road and seeking to enjoin [respondent] from blocking this alley/road." 2002 S.D. 52, ¶ 1, 645 N.W.2d at 261. Unlike in *Smith,* "*Thieman* was not attempting to force City to maintain the alley/road[.]" *Id.* ¶ 16, 645 N.W.2d at 263. In both *Smith* and *Thieman,* this Court held that the governmental authority was an indispensable party. " 'Unless [the governmental authority] is made a party to the action and can be ordered to maintain or accept the road that passes over [respondent's] property, complete relief cannot be accorded to the parties in this action.' " *See id.* (quoting *Smith,* 361 N.W.2d at 629). " '[The governmental authority] either on its own as the party ultimately responsible for the road, or as the representative of [governmental entities'] taxpayers, is an indispensable party[.]' " *Id.* (quoting *Smith,* 361 N.W.2d at 629). Therefore, even though

"[Busselman is] not attempting to force [any governmental authority] to maintain the [service road], that is the effect of declaring it to be a dedicated ... road." *See id. See also J.K. Dean, Inc. v. KSD, Inc.,* 2005 S.D. 127, ¶ 20, 709 N.W.2d 22, 26 (concluding that in the case of an existing road, the effect of finding a dedication would cause the town to maintain the area at public expense making the public entity an indispensable party to the action).

[¶ 9.] Busselman attempts to distinguish *Smith, Thieman,* and *J.K. Dean.* He argues that unlike the roads in those cases, the service road in this case was not open for vehicular travel, was not improved, and was not maintained. Therefore, Busselman argues that this dedication/acceptance dispute would not require the governmental authority to open, improve, or maintain the service road. *See* SDCL 11–3–12 ("No governing body shall be required to open, improve, or maintain any such dedicated streets, alleys, ways, commons, or other public ground *solely* by virtue of having *approved* a plat or having *partially accepted* any such dedication, donation or grant." (emphasis added)).

[¶ 10.] Here, however, the circuit court did not just determine that the plat had been "approved" or "partially accepted": the court found the service road had been "accepted" as a right-of-way for public use. Under *Smith, Thieman,* and *J.K. Dean,* an acceptance determination may, as a practical matter, impair or impede the appropriate public entities' ability to adequately protect its interests. *See* SDCL 15–6–19(a)(2)(i). Additionally, even if the governmental entity is not an indispensable party within the meaning of SDCL 15–6–19(a)(2)(i), the governmental entity is an indispensable party under SDCL 15–6–19(a)(2)(ii). The circuit court's determination that the service road was a dedicated right-of-way for public use may, in future

litigation involving the appropriate public entity, leave Busselman and Egges "subject to a substantial risk of incurring ... inconsistent obligations by reason of [the public entity's] claimed interest." *See id.*

[¶ 11.] Busselman, however, also argues that Egges failed to satisfy their burden of presenting evidence on the indispensable party issue. We disagree. Once Egges identified disputed facts showing the possibility that an appropriate governmental entity must have accepted the dedication, the burden shifted to Busselman to present evidence negating the conclusion that joinder was required.

> The burden is on the party raising the defense to show that the person who was not joined is needed for a just adjudication. However, when an initial appraisal of the facts reveals the possibility that an unjoined party whose joinder is required under Rule 19 exists, the burden devolves on the party whose interests are adverse to the unjoined party to negate this conclusion and a failure to meet that burden will result in the joinder of the party or dismissal of the action.

Wright et al., *supra* ¶ 7, at § 1609 (footnote omitted). Under the language of *Smith* and *Thieman,* Busselman did not meet his burden to show that joinder was not required.

[¶ 12.] Busselman also cites *Tinaglia v. Ittzes,* 257 N.W.2d 724 (S.D.1977), noting that this Court did not require joinder of the relevant governmental entity in that case. *Tinaglia* sought a declaration that a road was a dedicated public road. *Id.* at 725. Although we concluded that an easement was accepted by public by use, *id.* at 730–31, joinder and indispensable party status were not discussed. Therefore, *Tinaglia* cannot be read to suggest that it

supersedes *Smith, Thieman,* and *J.K. Dean.*

[¶ 13.] Under *Thieman,* the appropriate governmental entity was an indispensable party to Busselman's action. We reverse and remand to reconsider the issues of dedication and acceptance after joinder of the appropriate governmental entity.

[¶ 14.] GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN, Justices, concur.