#28085-r-GAS
**2017 S.D. 81**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

RAYMOND C. OYEN,                                          Petitioner and Appellee,

   v.

LAWRENCE COUNTY
COMMISSION,                                              Respondent and Appellant.


\* \* \* \*
APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA
\* \* \* \*
THE HONORABLE MICHELLE K. COMER
Judge
\* \* \* \*


LONNIE R. BRAUN of
Thomas, Braun, Bernard
  & Burke, LLP
Rapid City, South Dakota

RICHARD P. TIESZEN of
Tieszen Law Office
Pierre, South Dakota                          Attorneys for petitioner and
                                             appellee.


BRUCE L. OUTKA
Lawrence County Deputy
  State's Attorney
Deadwood, South Dakota

JOHN R. FREDERICKSON
Deadwood, South Dakota                       Attorneys for respondent and
                                             appellant.

\* \* \* \*


ARGUED AUGUST 29, 2017
OPINION FILED **12/06/17**

#28085

SEVERSON, Justice

[¶1.] Various landowners petitioned the Lawrence County Commission requesting that the County maintain a road providing access to their homes. The County denied the Landowners request. Petitioner Raymond Oyen appealed the County's action to the circuit court. The County filed a motion to join the United States of America as an indispensable party. The court denied the motion, finding the County responsible for the road and directing the County to provide maintenance. The County appeals. We reverse, and remand for the circuit court to join, if feasible, the United States of America as an indispensable party. If joinder is not possible the circuit court must determine whether to proceed or dismiss the case.

## Background

[¶2.] In 1930, Miner's and Merchant's Savings Bank granted Lawrence County an easement for the "free and uninterrupted use, liberty and privilege of a right of way of the customary width, for highway purposes . . . to carry with it all of the attendant burdens and easements of a public highway." That right of way covers South Rapid Creek Road (SRCR), which is at issue in this case. Since the 1970s, the County approved three platted subdivisions indicating that SRCR is a county road or a county/forest service road. In 1992, the County granted the United States of America:

> exclusive easements for the existing road for use for all lawful purposes by the United States . . . and the general public when authorized by the Grantee, over and across the parcels of land . . . described as follows: South Rapid Road No. 231.6 . . . South Rapid Branch Road No. 231.6A . . . the said easements hereby granted are for the reconstruction, maintenance, and full, free

-1-

> and quiet use and enjoyment of the existing roads as they are presently located and in place over and across the above described premises.

The minutes of the 1992 Commission reflect that the motion to transfer was made in order to "follow the recommendation of the Highway Superintendent and authorize the Chairman to sign a transfer of existing easements."

[¶3.] On August 15, 2015, Lawrence County landowners owning real property along SRCR, petitioned the Lawrence County Commission to provide snow removal and maintenance of SRCR. The Commission reviewed the matter at its meeting on October 13, 2015, and denied the request for service to the road. Thereafter, Oyen appealed the determination to the circuit court. The United States of America was not a party to the proceedings, and on June 7, 2016, the County filed a motion to dismiss Oyen's petition, or in the alternative, join the United States as an indispensable party. The circuit court conducted a hearing on the motion on June 20, 2016, and denied the motion on July 22, 2016. In its findings of fact and conclusions of law on the motion, the circuit court stated: "Because Lawrence County failed to transfer its duty to maintain SRCR to the Forest Service, the Forest Service is not an indispensable Party to this action."

[¶4.] The circuit court issued further findings of fact and conclusions of law on November 21, 2016. The court found that SRCR has been open to and used by the public as a public roadway since the 1930s. It also found that agreements between the County and the Forest Service indicate that both the County and Forest Service admit that SRCR is on the County and Forest Service road systems. An agreement dated May 12, 1983, stated that the "county is vitally interested in

providing and operating a road system to provide adequate vehicular access for residents and commercial enterprises for both intra and inter-county travel[.]" The circuit court found Lawrence County's witness testimony that SRCR was a Forest Service road inconsistent with documentary evidence (Commission minutes and recorded easements) reflecting that the County had joint ownership and responsibility for SRCR. It found such testimony to also be inconsistent with the "attempt to transfer the road easements to the United States Forest Service[.]" Finally, it found that the "County's decision to deny the petition was based on false information and lack of relevant and competent evidence and the County's refusal to review documentary evidence of ownership by the County was therefore arbitrary and capricious."

[¶5.] The circuit court ultimately determined that Lawrence County is responsible for maintaining the road pursuant to SDCL 31-12-26. The court concluded that the County, through its actions of accepting the right-of-way easements and approving the plats, "agreed to hold the property in trust for the benefit of the Petitioners and other members of the Public . . . which responsibility cannot simply be transferred to the United States Forest Service without ensuring such obligations and responsibilities are protected and assured pursuant to SDCL 11-3-12[.]" The court noted that pursuant to SDCL 31-1-3, "[a]ll public highways . . . lawfully established shall continue as established until changed or vacated in some manner provided by law." The court concluded that the Commission did not follow the specific procedure set forth in SDCL 31-3-6 through SDCL 31-3-9 for vacating or changing a county secondary road.

**Standard of Review**

[¶6.]	In *South Dakota Department of Game, Fish and Parks v. Troy Township, Day County*, we recently clarified the standard of review relating to actions of a board of county commissioners.  2017 S.D. 50, 900 N.W.2d 840.  If the challenged county commission action is determined to be quasi-judicial, this court may conduct a de novo review of that action.  *Troy Twp.*, 2017 S.D. 50, ¶ 20, 900 N.W.2d at 849.  An administrative action is quasi-judicial if it "'investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist' rather than 'looking to the future and changing existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power.'"  *Id.* ¶ 21 (quoting *Prentis v. Atl. Coast Line Co.*, 211 U.S. 210, 226, 29 S. Ct. 67, 69, 53 L. Ed. 150 (1908)).  "Thus . . . quasi-judicial acts are those that could have been 'determined as an original action in the circuit court.'"  *Id.* (quoting *Champion v. Bd. of Cty. Comm'rs*, 5 Dakota 416, 430, 41 N.W. 739, 742 (1889)).

[¶7.]	We review a circuit court's findings of fact for clear error and its legal conclusions de novo.  *Coffey v. Coffey*, 2016 S.D. 96, ¶ 7, 888 N.W.2d 805, 808.  Whether a party is an indispensable party is a question of law that we review de novo.  *Busselman v. Egge*, 2015 S.D. 38, ¶ 6, 864 N.W.2d 786, 788.

**Analysis**

[¶8.]	We find it necessary to clarify that in this appeal, we are not reviewing Lawrence County's obligation to maintain a road or Lawrence County's grant of an easement to the United States.  Rather, we are reviewing the circuit court's

procedural decision to not join the United States as an indispensable party to this action.  Thus, our review is de novo and we proceed by determining whether the United States Forest Service is an indispensable party.

[¶9.]     Lawrence County contends that the United States of America *is* an indispensable party to this case.  SDCL 15-6-19(a)[1] and SDCL 15-6-19(b)[2] pertain to

---

1.    SDCL 15-6-19(a) provides:

> A person who is subject to service of process shall be joined as a party in the action if:
>
> (1) In his absence complete relief cannot be accorded among those already parties; or
>
> (2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.  If he has not been so joined, the court shall order that he be made a party.  If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.  If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

2.    SDCL 15-6-19(b) provides:

> If a person as described in subdivisions 15-6-19(a)(1) and (2) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

the joinder of indispensable parties. This court has previously interpreted SDCL 15-6-19(a), stating "[a]n indispensable party is one whose interest is such that a final decree cannot be entered without affecting that interest or in whose absence the controversy cannot be terminated." *Busselman*, 2015 S.D. 38, ¶ 6, 864 N.W.2d at 788 (quoting *Thieman v. Bohman*, 2002 S.D. 52, ¶ 13, 645 N.W.2d 260, 262).

[¶10.]     The circuit court determined the County failed to follow the proper procedure to grant an easement in the right-of-way to the United States. Such a ruling clearly affects the federal government's interest and determines its rights under the 1992 easement. Thus, the determination in this action cannot be made in the absence of the federal government, as it has "an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may . . . impair or impede [its] ability to protect that interest." SDCL 15-6-19(a)(2)(i). It was clear error for the circuit court to rule on the easement without first determining whether the United States of America was a party that should have been joined if feasible under SDCL 15-6-19(a) and SDCL 15-6-19(b).

## Conclusion

[¶11.]     Because the circuit court made its decision without an indispensable party, we reverse, and remand to determine whether the United States of America can be added as a party. If joinder is not feasible, then the circuit court must determine whether the case should be dismissed under SDCL 15-6-19(b).

[¶12.]     GILBERTSON, Chief Justice, and ZINTER and KERN, Justices, and WILBUR, Retired Justice, concur.

[¶13.]      JENSEN, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.