**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-046**

**Filing Date:  March 25, 2009**

**Docket No. 28,589**

**MOHAMMED ZABOLZADEH,**

      **Respondent-Appellant,**

**v.**

**CYNTHIA ZABOLZADEH,**

      **Petitioner-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Barry Green
Santa Fe, NM

for Appellant

The Childress Law Office
Sidney Childress
Albuquerque, NM

for Appellee

**OPINION**

**VIGIL, Judge.**

**{1}**    The issue presented in this case is whether a district court has authority under New Mexico's Uniform Parentage Act (UPA), NMSA 1978, Sections 40-11-1 to -23 (1986, as amended through 2004), to order a father to pay retroactive child support for an arrearage that accrued over twelve years, when the father stipulated to paternity in a proceeding under the UPA in another state prior to the child's birth.  We reverse.

**BACKGROUND**

1

**{2}**     Father and Mother were married in October 1982.  Father and Mother lived together intermittently for several years.   Father and Mother agreed to divorce, and a divorce judgment was filed January 31, 1991 in California stating that the marital status would be terminated June 18, 1991.  Child was conceived in February 1991.  On August 20, 1991, before Child was born, Mother retained an attorney and filed a "Complaint To Establish Parental Relationship" with a California court pursuant to the California UPA.  On October 29, 1991, Mother and Father filed a stipulation in the California action in which Father acknowledged paternity of Child, Mother was awarded sole legal and physical custody of Child, and the court expressly reserved the issue of child support.  This stipulation was signed by a judge and contains the language "It Is So Ordered."   Some time between September and November 1991, Father traveled to Iran for four months.  Child was born on November 17, 1991.  Mother attempted to communicate with Father over the next few years, but she never was able to get in touch with him.  In June 2006, Mother discovered Father's whereabouts in California.

**{3}**     On October 24, 2006, Mother filed a petition to modify the 1991 stipulation in the district court in New Mexico.  In the petition, Mother claimed that the district court should order Father to pay child support retroactive to the date of the 1991 stipulation because Father had defrauded her into believing he was dead.  A pretrial order was entered on October 1, 2007, stating that the issues for trial were claims of past child support and equitable defenses to those claims.  The trial took place on March 24, 2008.  The district court ordered Father to pay retroactive child support in the amount of $75,000 for the arrearage that accrued over twelve years between November 1994 and October 2006.  Father appeals this decision of the district court.

**DISCUSSION**

**{4}**     We review the setting of child support orders for abuse of discretion.  *See Styka v. Styka*, 1999-NMCA-002, ¶ 8, 126 N.M. 515, 972 P.2d 16 (filed 1998).  We will find that a district court has abused its discretion "when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559 (filed 2004) (internal quotation marks and citation omitted).  We review the questions of law presented in Father's appeal de novo.  *Id.*

**Applicability of the Uniform Parentage Act**

**{5}**     Father argues that the district court erred when it applied the UPA in this case.  Under New Mexico's UPA, "Any interested party may bring an action *for the purpose of determining the existence or nonexistence of the parent and child relationship*." Section 40-11-7(A) (emphasis added).  The district court order states that Mother's action is governed by the UPA and adjudicates Father to be Child's father.  However, it also recognizes that Father had already stipulated to paternity of Child in the California court.  Mother has not argued that the California stipulation/order in which Father acknowledged paternity was

2

deficient in any way or that it was not a final order entitled to full faith and credit. By its terms, as quoted above, the UPA only applies to cases where parentage has not previously been determined. *Id.* Thus the district court erred in applying the UPA to the present case and adjudicating paternity for the second time when Father's paternity had already been judicially acknowledged and adjudicated in the California court.

**{6}** Mother argues that despite the fact that paternity was established fifteen years prior to her petition, retroactive child support under the UPA is appropriate because the California court reserved the issue of child support and no child support order was ever issued by that court. In support of her contention, Mother cites statutory language stating that after an adjudication of paternity under New Mexico's UPA, "the obligation of the father may be enforced in the same or other proceedings by any interested party," Section 40-11-17(A), and that proceedings "shall be stayed until after the birth" if an action is brought under New Mexico's UPA before the child's birth. Section 40-11-7(B). Assuming arguendo that New Mexico's UPA applies to Father's acknowledgment of paternity under California law, we are not persuaded that this language allows a parent to initiate a UPA proceeding to adjudicate paternity prior to a child's birth and then pursue an award of retroactive child support fifteen years later. While it is true that New Mexico has a strong public policy in favor of child support, as recognized in *In re Estate of DeLara*, 2002-NMCA-004, ¶ 10, 131 N.M. 430, 38 P.3d 198 (filed 2001), Mother's interpretation broadens the application of the UPA beyond permissible bounds. Therefore, we hold that the district court erred when it applied the UPA to this case.

**Retroactive Child Support**

**{7}** Under New Mexico law, the only authority for awarding retroactive child support before the date of the filing of the petition for modification is under Section 40-11-15(C) of the UPA. Outside of the UPA, New Mexico case law only allows modification of child support to be retroactive to the date of the petition for modification. *See Montoya v. Montoya*, 95 N.M. 189, 190, 619 P.2d 1233, 1234 (1980) (directing that the applicable date for retroactive modification is the date of the filing of a petition, application, or pleading); *see also Leeder v. Leeder*, 118 N.M. 603, 610, 884 P.2d 494, 501 (Ct. App. 1994) (stating that "modifications of child support cannot be effective before the date of the pleading seeking increased or decreased support"). Because the district court erred in applying the UPA to this case, the district court award of child support retroactive to 1994 is improper.

**CONCLUSION**

**{8}** For the above reasons, we reverse the district court award of $75,000 retroactive child support for the arrearage between November 1994 and October 2006.

**{9}** **IT IS SO ORDERED.**

3

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**

**Topic Index for *Zabolzadeh v. Zabolzadeh*, No. 28,589**

**DR**                **DOMESTIC RELATIONS**

DR-CT            Child Support
DR-PT            Paternity