This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO, ex rel.**
**HUMAN SERVICES DEPARTMENT**
**and ANGELA HAZELET,**

Petitioners-Appellees,

v.                                                                          **NO. 32,181**

**MARK ARNAUDVILLE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Ann Hadfield, District Judge**

Darby Sais
Albuquerque, NM

for Appellee Human Services Department

Angela Hazelet
Albuquerque, NM

Pro se Appellee

Mark Arnaudville
Albuquerque, NM

Pro se Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Appellant Mark Arnaudville (Father) appeals pro se from the district court's ruling that adopts the recommendation of the hearing officer with regard to Father's support obligations. [RP 230, 241] Our notice proposed to affirm and Father filed a memorandum in opposition. We remain unpersuaded by Father's arguments and therefore affirm.

Father continues to argue that the hearing officer on remand failed to give him credit for monies he previously paid to satisfy the child support judgment. [MIO 1-4] As extensively detailed in our notice, however, our careful review of the proceedings provides that the hearing officer acted within the scope of our remand in *State ex rel., HSD & Angela Hazelet v. Arnaudville*, No. 30,761, slip op. (N.M. Ct. App. April 11, 2011) [RP 197, 204] and properly afforded Father any credit to which he was entitled. In this regard, for the reasons discussed at length provided in our notice, we conclude that the hearing officer on remand correctly assessed Father's retroactive child support arrears owed to Mother. *See Zabolzadeh v. Zabolzadeh*, 2009-NMCA-046, ¶ 7, 146 N.M. 125, 207 P.3d 359 (holding that child support could be ordered retroactively

from the date the mother's petition to modify stipulated order of paternity and for child support was filed, but could not be ordered retroactive to any point prior to the petition). We further conclude, for the reasons detailed in our notice, that the hearing officer on remand correctly assessed Father's obligation to reimburse HSD for public assistance, and in doing so gave Father any credit to which he was entitled. *See generally* NMSA 1978, § 27-2-28(E) (2009) (providing that the noncustodial parent shall be given credit against the owed public assistance for any in-kind support actually provided, including housing, clothing, food or funds paid prior to the entry of any order for support).

We therefore affirm.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**