This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MATTHEW STAHLBAUM,**

> **Petitioner-Appellant,**

> **vs.**                                                                                  **No. 36,119**

**ALISHA PINSON,**

> **Respondent-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Mark T. Sanchez, District Judge**

Lara Law Firm
Roxanne Rodriguez Lara
Carlsbad, NM

for Appellant

Alisha Pinson
Carlsbad, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1}      Petitioner has appealed from an order finalizing child support issues. We issued a notice of proposed summary disposition in which we proposed to affirm in part,

reverse in part, and remand. Petitioner has filed no response. Respondent has filed a responsive memorandum. After due consideration, we adhere to our initial assessment.

{2}     Because the pertinent background information was previously set forth and neither party has expressed disagreement, we will avoid undue reiteration here.

{3}     In his docketing statement Petitioner raised three issues, first challenging the portion of the order requiring him to pay child support retroactive to the date upon which Respondent regained custody of the Child, but prior to the date upon which Respondent filed the petition for modification. [DS 4] We observed that this is impermissible. [CN 2] *See Zabolzadeh v. Zabolzadeh*, 2009-NMCA-046, ¶ 7, 146 N.M. 125, 207 P.3d 359 ("New Mexico . . . allows modification of child support to be retroactive to the date of the petition for modification."). In her responsive memorandum Respondent does not disagree. [MIO 1] Instead, she offers equitable considerations which may underlie the district court's decision. [MIO 1-2] We observe that the equities would be more appropriately accommodated in a different context, specifically in relation to the award of arrears. *See Ullrich v. Blanchard,* 2007-NMCA-145, ¶¶ 21-22, 142 N.M. 835, 171 P.3d 774 (observing, with respect to calculation of retroactive child support on remand, that the trial court should consider any applicable equitable defenses, including estoppel, waiver, and unclean hands); *Ingalls v. Ingalls*, 1994-NMCA-148, ¶ 14, 119 N.M. 85, 888 P.2d 967 ("In a

proceeding to enforce a child support order, the trial court also has latitude to consider any equitable defense."). We leave the handling of this matter to the sound discretion of the district court on remand.

{4} By his second and third issues, Petitioner challenged the district court's denial of his request for interest and imposition of a payment deadline. [DS 7, 9] Because we perceived no abuse of discretion, we proposed to summarily reject these arguments. [CN 3-4] In light of Petitioner's failure to file any memorandum in opposition, these issues are deemed abandoned. *See generally State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (observing that where a party does not respond to our proposed summary disposition with respect to an issue, that issue is deemed abandoned).

{5} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we reverse in part and remand for further proceedings consistent herewith.

{6} **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

3

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**


_____

**M. MONICA ZAMORA, Judge**